This is a consolidated appeal from a judgment of conviction and sentence in each of six cases, State of Alabama v. GeraldWayne Nunnery, that appellant in his brief subcaptions immediately under the caption "STATEMENT OF THE CASE" as follows:
"CHARGES: Burglary Third Degree. CC 80-947
Burglary Third Degree. CC 80-948
Burglary Third Degree. CC 80-949
Burglary Third Degree. CC 80-2317
Burglary Third Degree. CC 80-2318
 Possession of a Pistol. CC 80-2319 after a conviction of a crime of violence
"Plea: Guilty as charged in all cases.
 "SENTENCE: Life Imprisonment in all cases, sentences to run concurrently."
The first issue presented by appellant is, "Whether the court erred in failing to inquire further into the defendant's competence to stand trial." The reference is to the first part of the transcript of the proceedings as follows:
 "THE COURT: All right, the defendant will step before the Court. This is State vs. Gerald Wayne Nunnery, Case No. CC 80-947, CC 80-948, CC 80-949.
 "MR. BRUTKIEWICZ: Judge, before we start, I would like to make a motion for the record. We have already discussed this; I want to make sure it is down on the record in this case. The fact that Mr. Nunnery has indicated that he has been ordered to Searcy Hospital for evaluation, and we would renew our motion that the case be continued until Mr. Nunnery has a chance to go to Searcy Hospital for that evaluation.
 "Now, your Honor has denied my motion, and has told me that the case is going to be tried today, and being left with those options . . .
 "THE COURT: I don't think the Court said that, Mr. Brutkiewicz. I said the case was regularly set for trial, and has been regularly set for trial. And I said the record reflected that there was no motion granted in behalf of this defendant by any Judge in this Court, or any other Court, as his record would reflect, as to any request for any examination. And the record would have to reflect that. Now, your statement to the Court is on record that the defendant himself has advised you that he's made some request for psychological evaluation is on the record, this record, but as to the official court record, the docket sheet, there is no reflection whatsoever by you, or any other attorney or by the defendant on his own behalf. *Page 446 
 "MR. BRUTKIEWICZ: Yes, sir, so you are denying my motion for a continuance?
 "THE COURT: I already denied it once, I'll deny it again.
"MR. BRUTKIEWICZ: Fine.
 "THE COURT: Now, at this time if you wish to state to the Court that you believe that there is evidence in your opinion as to why you think this defendant is incompetent, it is your duty as his attorney to state that to the Court.
"MR. BRUTKIEWICZ: Judge, that's all we have to say.
 "THE COURT: Now, I have before the Court, now a motion filed by you, Mr. Brutkiewicz, in behalf of your client, is that right?
"MR. BRUTKIEWICZ: Yes, sir.
 "THE COURT: Do you wish at this time to enter with this Court, a plea of guilty to all three charges pending?
"MR. BRUTKIEWICZ: Yes, sir.
 "THE COURT: The charges of Burglary in the Third Degree, all three charges of Burglary in the Third Degree, is that correct?
"MR. BRUTKIEWICZ: That's my understanding, Judge.
 "THE COURT: In previous hearings before the Court, you have entered pleas of not guilty, and you wish to change those from not guilty to guilty, is that your position?
"MR. BRUTKIEWICZ: Yes, sir.
 "THE COURT: For the record, the Court is going to inquire of this defendant certain aspects of this `motion to enter a guilty plea.' I hold before me now, this motion that your attorney has filed, and you are Gerald Wayne Nunnery, are you not?
"THE DEFENDANT: Yes, sir.
"THE COURT: Did you sign your name on the back of it?
"THE DEFENDANT: Yes, sir.
". . . ."
Thereafter, for twenty transcript pages, there was a colloquy among the court, the attorneys and the defendant, by which it was made clear that the defendant voluntarily, intelligently and understandingly waived his right to a trial by jury and all the privileges thereof, that he fully understood the maximum and minimum punishment provided for the crime charged in each of the three cases (80-947, 80-948 and 80-949) then under consideration, and that the defendant made known to the court in open court that he was guilty as a matter of fact to the charge in each of the three cases. The transcript shows clearly also that it was made known to the defendant and the defendant understood that the State was proceeding at the time under the Habitual Felony Offenders Act. All of this can also be said as to the other three cases (80-2317, 80-2318 and 80-2319) when pleas of guilty were thereafter entered in them. No contention was then made and no contention is now made that any requirement of Boykin v. State, 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274, was not met in any of the six cases.
The record indicates that the trial judge was mistaken in any implication of what he said to the effect that there was no record of any order of any court in Mobile County ordering the removal of defendant from the Mobile County Jail to the Alabama State Hospital, Searcy Hospital, located in Mt. Vernon, Alabama, to remain there until he was declared to be mentally competent. Nevertheless, any such mistake is readily understandable by reason of the fact that at the time the trial judge and defendant's counsel were engaged in the colloquy as to defendant's motion for a continuance, the trial judge had only the first three cases, 80-947, 80-948 and 80-949 before him. As to the records in such cases, there was no reference whatever to any mental evaluation of defendant or to Searcy Hospital. It was not until after defendant's attorney had presented a motion in each of the first three cases for the defendant to be allowed to plead guilty therein and the court had engaged in a colloquy with the defendant, as shown by three pages of the transcript, that any reference was made to the other three cases, 80-2317, 80-2318 and 80-2319. *Page 447 
During the latter part of such colloquy, the following occurred:
 "THE COURT: The last category I want to be sure that you understand, that you do not have to plead guilty to any of these three charges.
"THE DEFENDANT: Yes, sir, I understand that.
 "THE COURT: But you have a right as any other defendant to submit all of these charges separately at separate trials before a jury, and have a jury determine your guilt or innocence?
"THE DEFENDANT: Yes, sir.
 "If it is at all possible, I would like to get the cases that I have on Judge Zoghby's docket on your docket. He agreed when I was before him last week, if I wanted to, I told him I wanted to get it before one Judge, and just consolidate and plead guilty to all of them. I would like to have those three cases on his docket moved on your docket where I can . . ."
Thereafter, the trial judge made it known that defendant's attorney would be required to prepare motions in the other three cases, 80-2317, 80-2318 and 80-2319, for the defendant to be allowed, if he so desired, to change his plea of not guilty to a plea of guilty, and the judge would proceed to handle the other three cases, which were not then set for trial, at a later date, when the sentence hearing was to be conducted as to the first three cases. On the date of the sentence hearing, defendant and his counsel appeared with a motion in each of the second three cases. There was a comprehensive hearing thereon, and there was an adjudication of defendant's guilt in the last three cases, as well as in the first three cues. There was also conducted a full hearing under the Habitual Felony Offenders Act. At no time after the adjournment of the hearing on the first three cases as to the pleas of guilty until completion of the hearing of pleas of guilty in the second three cases, when judgments of conviction and sentence in all six cases were rendered, was any reference made by defendant or his attorney to the order ordering the defendant's removal to Searcy Hospital, which at the time was contained in the records of the second three cases.
As the numbers of the cases indicate, the first three cases were docketed long before the second three cases. The record shows that the indictments in the first three cases were returned June 6, 1980, and the indictments in the second three cases were returned on December 22, 1980. The order, signed by Judge Hodnette, for the mental evaluation of defendant and his removal therefor to Searcy State Hospital was rendered on August 22, 1980. At that time, each of the last three cases was pending in the Mobile County District Court.
We find no fault with the action of the trial court, or with the action of any judge of the Circuit Court or of the District Court. That there was some confusion is apparent. However, it is clear that at the time defendant requested a continuance of the trial of the first three cases, he did not support, as he should have done, his claim that an order had been rendered removing defendant to Searcy State Hospital. It was not disclosed by the record in either of the first three cases. He thereafter elected not to raise the point again after he had obtained the approval of the court to have a consolidated hearing of all six cases, not to raise it again until his appeal to this Court had been perfected. The trial court was not in error in overruling defendant's motion for a continuance of the first three cases or, as contended by appellant, "in failing to inquire further as to defendant's competence to stand trial." Defendant manifested an ardent desire to have a disposition of all six cases before the same judge as the judge to whom the first three cases were assigned, and when arrangements were made to do so he seemed appreciative and probably, we think, preferred to proceed with the hearing than to reopen the question as to a continuance.
We also are in disagreement with appellant's only other contention, that the trial court was in error in sentencing defendant in Case No. CC-80-2319 pursuant to the Habitual Felony Offenders Act. In *Page 448 
the sentencing hearing, it was clearly shown that defendant had been previously convicted of at least three felonies. Appellant argues that the Habitual Felony Offenders Act does not provide for any punishment in addition to that prescribed for the offense charged in CC-80-2319, possession of a pistol after a conviction of a crime of violence. Appellant states:
 "Section 13A-11-72 of the Code of Alabama (1975) defines the offense of Possession of a Pistol after Conviction of a Crime of Violence. Section 13A-11-74
[sic] prescribes the punishment for that offense as imprisonment for not more than five years. . . .
 "Defendant contends this is an illegal sentence which the Code of Alabama does not authorize. Alabama's Habitual Offender Act, Section 13A-5-9 of the Code of Alabama (1975, 1980 Supp.), by its terms, authorizes enhanced punishment only for those felonies which are designated as Class A, B or C felonies. Neither Section 13A-11-72 nor Section 13A-11-74 [sic] designates this offense as being in one of those classes."
Appellant evidently intended to refer to provisions of §13A-11-84 instead of § 13A-11-74. Section 13A-11-84, not §13A-11-74, prescribes punishment for a violation of § 13A-11-72
(a), which is charged in the indictment in CC 80-2319. The punishment there provided is "imprisonment for no more than five years." Appellant shows study and ingenuity by his contention, but we think he is incorrect in his construction of the applicable statutory law on the subject. There is a flaw in the language thereof, in that there is no express classification of the crime of possession of a pistol after conviction of a crime of violence, but it is unquestionably a felony by reason of its punishability by imprisonment for more than one year. It is obvious that in the Criminal Code of 1975, effective January 1, 1980, and the statutory law upon which it is based, there was an effort to classify expressly all non-capital felonies except murder[1] into three classifications, A, B, and C. That there was a failure to do so as to the crime charged in CC-80-2319 does not deprive it of its status as a felony. All of the law on the subject is to be considered inpari materia. As so considered, the only reasonable construction is that the crime is a Class C felony, for the reason that the Habitual Felony Offenders Act purports to preempt the field of felonies generally, which the crime considered unquestionably is. Furthermore, the very language of § 13A-5-6 (a)(3) prescribing the range of sentences for felonies provides, "For a Class C felony, not more than 10 years or less than 1 year and 1 day." By good reasoning, we believe, it can be said that any felony punishable by imprisonment for "not more than 10 years or less than 1 year and 1 day" is a Class C felony, as to do so does nothing more than reverse the order of the obvious equation that a Class C felony is the equivalent of a felony that is punishable by a sentence to imprisonment for not more than 10 years or less than 1 year and 1 day. Such a conclusion follows, in our opinion, irrespective of § 13A-5-1 (a) and § 13A-5-4, relied upon by appellant.
Section 13A-5-1 (a) provides:
 "Every person convicted of any offense defined in this article, or defined outside this title, shall be sentenced by the court in accordance with this article, unless otherwise specifically provided by law."
Appellant says that he "contends, quite simply, that the punishment for the pistol offense is `otherwise specifically provided' by Section 13A-11-74 [sic, which we believe is meant to refer to § 13A-11-84 (a)]." Section 13A-11-84 (a) specifies the punishment provided for the particular crime irrespective of any previous felony convictions. It is inapplicable to any additional punishment provided by the Habitual Felony Offenders Act.
Section 13A-5-4 (a) provides:
 ". . . Any offense defined outside this title which is declared by law to be a felony without specification of its classification or punishment is punishable as a Class C felony." *Page 449 
Appellant argues that said section specifies "punishment," thus taking it outside the terms of 13A-5-4, and leaving it unclassified. Appellee would probably gain more than appellant by the quoted portion of § 13A-5-4 (a) as the offense under consideration is not "defined outside this title" (Title 13A). However, by what we have already said we have determined that irrespective of § 13A-5-4 (a), the crime charged in CC-80-2319 is the equivalent of a Class C felony. The trial court was not in error in treating it accordingly.
The judgment of the trial court in each of the cases under consideration, CC 80-947, CC 948, CC 949, CC-80-2317, CC-80-2318 and CC-80-2319, should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court in each of the casessub judice is hereby
AFFIRMED.
All the Judges concur.
[1] See § 13A-5-4 Commentary.