[1] The indictment lists appellant's name as "Danella Woods Cole." In the reporter's transcript and other court documents her name is also recorded as "Danelia Woods Cole," "Donetta Woods Cole," and "Donnetta W. Cole."
On May 20, 1982, a Jefferson Circuit Court jury found the appellant guilty as charged in the indictment, which stated that appellant:
 ". . . did lease one washing machine of the value of Four Hundred Dollars and one clothes dryer of the value of Three Hundred Dollars from Bull TV Rentals of Alabama, Inc., and did unlawfully, without the consent of the said Bull TV Rentals of Alabama, Inc., sell, give away, remove or otherwise dispose of, or conceal or convert such property so that the said Bull TV Rentals of Alabama, Inc., could not recover the same at the expiration of the lease or under the terms of the said rental contract . . ."
Appellant was sentenced to two years' imprisonment under the Split Sentence Act, to serve 90 days' imprisonment with remaining sentence served on probation. Appellant challenges her conviction on the grounds that the charging indictment does not allege a punishable crime. In addition, the appellant claims the State did not prove her guilty beyond a reasonable doubt.
State's first witness, Eugene Creamer, testified that he was employed in collection and delivery for Bull TV Rental. He stated that on October 5, 1979, the appellant, Danella Cole, executed a rental agreement with Bull TV for a washer and dryer. Creamer testified that he delivered the washer and dryer to Cole at her apartment at 2120 Fifth Street West, Birmingham, and at that time she signed for them.
Creamer said further that on December 6, 1979, he returned to the Fifth Street address to collect appellant's past due payment. He stated that the apartment was empty when he arrived there and that he then made a diligent but fruitless effort to locate Cole by contacting various friends and relatives of hers.
He also stated that it was Bull TV's regular business practice to make notations on a card whenever a customer notified them of a new address.
State's next witness, Charles R. Trumbly, testified that he owned Bull TV Rental of Alabama, Inc. He identified business records kept by his company concerning the washer and dryer that were rented to the appellant.
Trumbly stated that these records did not indicate that appellant had informed the company of her change of address. In addition, he said that the records did not show that Cole had ever requested that the washer and dryer be picked up.
Trumbly said that in January, 1980, under his supervision and at his direction, a certified letter was sent to appellant at the Fifth Street West address. The letter, which would have informed Cole that the account was past due and which demanded payment for or return of the washer and dryer, was returned to sender.
 I
Appellant first argues that the Code of Alabama does not have a provision covering the crime for which she was convicted and thus the indictment did not allege a *Page 233 
punishable offense. Although appellant did not raise the issue of a defective indictment in a pre-trial motion, a defect in an indictment which results in a failure to charge an offense can be raised at any time. Davidson v. State, 351 So.2d 683
(Ala.Cr.App. 1977), Barbee v. State, 417 So.2d 611 (Ala.Cr.App. 1982).
However, appellant bases her attack on the grounds that Title 13A, Code of Alabama 1975, does not contain a section covering theft of rental property. She claims that the State apparently proceeded under § 13A-8-4, Code of Alabama 1975, dealing with theft of property. We find no merit in appellant's argument. It is obvious from a reading of the indictment that the appellant was charged under § 13-3-61, Code of Alabama 1975, which reads in part as follows:
 "Any lessee of personal property under a written or verbal rental contract or lease who, without the consent of the lessor, sells, gives away, removes or otherwise disposes of, conceals or converts such property so that the lessor cannot recover the same at the expiration of the lease or under the terms of the rental contract shall, on conviction, be punished as if he had stolen such property."
This code section was in effect at the time of appellant's crime in December 1979 and it was not repealed until January 1, 1980. Title 13A, Code of Alabama 1975, came into effect on January 1, 1980, and, as § 13A-1-7 (c) of that title states:
 "The provisions of this title do not apply to or govern the construction of and punishment for any offense committed prior to 12:01 A.M. January 1, 1980, or the construction and application of any defense to a prosecution of such an offense. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this title had not been enacted."
Thus, appellant's argument that the State improperly proceeded under § 13A-8-4, Code of Alabama 1975, is irrelevant, since appellant was not indicted under that title.
 II
The next argument of appellant is that the State did not prove her guilty beyond a reasonable doubt.
Evidence at trial indicated that Bull TV sent appellant a registered letter to the last known address after efforts to collect a past due payment had proved fruitless. The letter was returned to sender; and the washer and dryer were never returned.
Under § 13-3-61, Code of Alabama 1975, such evidence proved a prima facie case for the State. As that code section reads in part:
 "It shall be prima facie evidence of intent to sell, give away, remove or otherwise dispose of, conceal or convert such property when the lessee fails to return such property to the lessor within seven days after notice mailed or delivered to such lessee following the expiration of the lease or rental agreement. The word `notice' as used in this section shall be construed to include either notice given to the person entitled thereto in person or notice given to such person in writing, making demand for return of said property. Such notice in writing shall be conclusively presumed to have been given when deposited, as registered or certified mail, in the United States mail, addressed to the lessee at the address given at the time of making the lease or rental agreement."
Thus, we find no merit in appellant's contention. As this court stated in Bullock v. State, 400 So.2d 937 (Ala.Cr.App. 1981):
 "The Court does not determine if the evidence proved the defendant's guilt beyond a reasonable doubt and to a moral certainty but, rather, whether there was legal evidence presented from which the jury could draw an inference of guilt." (citations omitted)
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 234