[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 139 
The appellant, Charles Randall Bush, was convicted of possessing a pistol after being convicted of committing a crime of violence, a violation of § 13A-11-72, Code of Alabama 1975, and of trafficking in controlled substances, a violation of §13A-12-231, Code of Alabama 1975. The appellant was sentenced to 10 years' imprisonment and was fined $250 on the firearm possession conviction. He was sentenced as a habitual felony offender to life imprisonment and was fined $50,000 on the drug trafficking conviction.
 I
The appellant argues that the circuit court erred in denying his motion based on Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The BatsonCourt held that black veniremembers could not be struck from a black defendant's jury solely because of their race. 476 U.S. at 89,106 S.Ct. at 1719. In Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364,113 L.Ed.2d 411 (1991), the Court extended its holding in Batson to white defendants. Batson was further extended to civil cases inEdmonson v. Leesville Concrete Co., Inc., ___ U.S. ___,111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). The United States Supreme Court in Georgia v. McCollum, ___ U.S. ___, 112 S.Ct. 2348,120 L.Ed.2d 33 (1992), held that Batson would also be used by the state to question defense counsel in criminal trials.
The prosecution used 8 of its 13 peremptory strikes to strike 8 of the 10 black prospective jurors. The circuit court found that the defendant presented a prima facie case of discrimination and required the prosecution to give race-neutral reasons for its strikes. The circuit court found that the prosecution's reasons for its strikes were race-neutral and, therefore, denied the appellant'sBatson motion.
The appellant, a white male, contends that the prosecution used three of its peremptory strikes in a racially discriminatory manner. The appellant indicates in his brief that he is unsure why the prosecution struck juror number 11. The record shows, however, that the prosecution struck juror number 11 because she responded in the affirmative to the question of whether she had a preconceived idea that the defendant had done something wrong. This reason was related to the case and was race-neutral. Williams v. State, 548 So.2d 501
(Ala.Cr.App. 1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159,103 L.Ed.2d 218 (1989).
The prosecution struck two other prospective jurors based on information that they were related to people involved in criminal activity. The reason the prosecution gave for striking one of the prospective jurors was that his brother had been charged with rape and that the prospective juror was wearing one glove. The other juror was struck because an assistant district *Page 140 
attorney had information that some of his family members had been involved in criminal activity. These reasons may be sufficient if proven to be accurate. Walker v. State,611 So.2d 1133 (Ala.Cr.App. 1992).
Here, none of this information on the criminal activity of family members was verified on voir dire examination and anin camera hearing was not held to determine the truth of the allegations regarding criminal activity. The prosecution initially asked if any of the prospective jurors or their family members had been prosecuted for a crime. He then limited this question to only drug offenses. Neither of the jurors in question responded affirmatively. The prosecution never asked these two jurors any questions to confirm whether any family members had been prosecuted.
 "[T]he failure of the State to engage in any meaningful voir dire on a subject of alleged concern is evidence that the explanation is a sham and a pretext for discrimination. [Ex parte] Branch, 526 So.2d [609,] at 623 [(Ala. 1987)]; see also People v. Wheeler, 22 Cal.3d 258, 281, 583 P.2d 748, 764, 148 Cal.Rptr. 890, 905 (1978); Slappy v. State, 503 So.2d 350, 355
(Fla.Dist.Ct.App. 1987)."
Ex parte Bird, 594 So.2d 676, 683 (Ala. 1991). If the prosecutor believes that a prospective juror is related to someone involved in criminal activity, he must question the juror about the relationship on voir dire. Bird,594 So.2d at 683. "The trial court cannot merely accept the specific reasons given by the prosecutor at face value." Ex parte Thomas,601 So.2d 56, 58 (Ala. 1992).
This court faced a situation similar to this one here inWalker, 611 So.2d 1133. Because in that case there was nothing other than hearsay connecting the prospective jurors to criminals or to criminal activity, this court reversed the judgment and remanded the case for further proceedings. The reasons for the prosecution's strikes must be supported by the record. Unsupported allegations are not sufficient to prove that strikes were made for race-neutral reasons. Williams v.State, [Ms. 90-557, November 13, 1992], 1992 WL 330620
(Ala.Cr.App. 1992). Here, the prosecution failed to provide race-neutral reasons that were supported by the record for its strikes. If the prosecution fails to provide a race-neutral reason for striking just one juror, a Batson violation has occurred. Williams, 1992 WL 330620, *2. Based on prior case law, we are compelled to reverse the judgment in this case.
Although we must reverse the trial court's judgment on the basis of Batson, we will address issues presented by the appellant that may reappear in any subsequent proceeding.
 II
The appellant also contends that proof of his conviction for arson should not have been received into evidence because, he says, it did not tend to prove that he violated § 13A-11-72, Code of Alabama 1975. We agree. Section 13A-11-72 provides, in pertinent part:
 "No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control."
A "crime of violence" is defined in § 13A-11-70 as being one of the following:
 "murder, manslaughter . . ., rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny."
Arson is not, by statutory definition, a "crime of violence;" thus the appellant's conviction for arson is not relevant to prove that he violated § 13A-11-72. Where there is not a lawful reason for presenting evidence of previous misconduct by the accused, the prejudicial effect of that evidence becomes the prime consideration. It cannot be said that this error in this case is "harmless." The appellant's prior conviction for arson should not have been allowed into evidence at trial.
 III
The appellant also argues that the circuit court erred in considering his conviction *Page 141 
for theft and his conviction for arson as two separate convictions for sentencing under the Habitual Felony Offender Act, on his conviction for trafficking in a controlled substance, because the two convictions arose from the same act or transaction.
As this court stated in Madden v. State, 602 So.2d 1193, 1194
(Ala.Cr.App. 1992):
 " '[W]here two or more convictions occur at the same time and in the same court, they are separate convictions within the meaning of the Habitual Offender Statute.' Watson v. State, 392 So.2d [1274,] 1279 [(Ala.Crim.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981)]."
See also Silvey v. State, 485 So.2d 790, 793 (Ala.Cr.App. 1986). The court correctly treated the appellant's convictions for theft and arson as two separate convictions.
 IV
It has come to our attention upon review of the appellant's sentence that the appellant was incorrectly sentenced to a 10-year prison term upon his conviction for possession of a pistol after having been convicted for crime of violence. According to § 13A-11-84(a), the maximum prison term that the appellant could receive upon conviction for this offense is five years. The appellant's sentence was excessive and therefore must be corrected upon his resentencing. Although the appellant failed to present this issue on appeal, we may review this issue. See Ex parte Brannon, 547 So.2d 68 (Ala. 1989).
 V
The appellant also argues that the circuit court erred in not allowing him to independently weigh, during trial, the cocaine that he was charged with trafficking. To be guilty of trafficking in cocaine, one must be in possession of at least 28 grams of cocaine. § 13A-12-231, Code of Alabama 1975. Joseph Saloom, laboratory director of the Alabama Department of Forensic Sciences in Enterprise, Alabama, weighed the cocaine twice before trial. It weighed 28.1 grams the first time it was weighed and 28.16 grams the second time.
If the appellant questioned the weight of the cocaine in his possession, he should have requested an independent weighing before the trial began. There is no statute or case law that entitles a defendant to a weighing of a controlled substance during trial or in his presence. The appellant did not question the accuracy of the scales used to weigh the cocaine and at trial Mr. Saloom explained the process he used in weighing the cocaine. The court did not err in refusing the appellant's request for an independent weighing of the cocaine during trial.
 VI
The appellant argues that the circuit court erred in receiving case action summaries of two prior convictions into evidence. Certified copies of case action summaries are admissible to prove prior convictions. Dysart v. State,581 So.2d 541 (Ala.Cr.App. 1991), cert. denied, 581 So.2d 545
(Ala. 1991). The record shows that the case action summaries of the appellant's prior convictions for theft and arson were correctly certified.
For the reasons stated, the judgment is due to be reversed and the case remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.