On Return to Remand

PATTERSON, Judge.
We remanded this cause to the trial court with instructions to determine whether Jerome Harris intended to pursue an appeal, and if so, to appoint counsel to represent him. 641 So.2d 290. The trial court has complied with our instructions. Determining that Harris desired to pursue his appeal, it appointed counsel to represent him and counsel has filed a brief. The cause now properly before us for review, we will address the two issues in Harris’s brief.
The record shows that Harris was indicted in three separate indictments for rape in the first degree, robbery in the first degree, and kidnapping in the first degree. At arraignment, he pleaded not guilty to all charges, after waiving the reading of the indictments. The three indictments were consolidated for trial. The record shows that while the eases were awaiting trial, Harris and his counsel entered into negotiations with the prosecuting attorney in an effort to reach a plea agreement. When the parties failed to negotiate a plea agreement, the cases went to trial. After a jury was selected and empaneled and after several state witnesses, including the victim, had testified, Harris again, during a recess in the trial, sought to plea bargain with the prosecutor. As a result of these negotiations, Harris agreed to withdraw his not guilty pleas and to enter guilty pleas to all charges in return for the prosecutor’s recommending to the trial court that it sentence Harris to 20 years’ imprisonment on each charge, those sentences to be served concurrently. The jury was dismissed, and Harris withdrew his not guilty pleas and entered guilty pleas to the three indictments. The trial court, after a lengthy colloquy, accepted his guilty pleas and subsequently sentenced him to 20 years’ imprisonment on each conviction and ordered him to pay $50 to the crime victim’s compensation fund and to pay costs of court in each case.
The three charges in this case arose out of the same incident. The state’s evidence showed that Harris abducted a young female at gunpoint from the city jail in Anniston and that he forced her to drive him to a nearby wooded area, where he raped and robbed her.
I.
Harris first contends that the trial court committed reversible error by accepting his guilty pleas, which, he says, were not knowingly, intelligently, and voluntarily entered. He contends that the reason that his guilty pleas were not entered knowingly, intelligently, and voluntarily was because he was not informed of the nature of the offenses with which he was charged before entering his pleas. Harris urges this court to conclude that he was not informed of the nature of the charges because the record does not specifically show that the charges were read and explained to him.
Before an issue raising the validity of a guilty plea is reviewable in this court, that issue must be first presented to the trial court by timely objection, by a motion to withdraw the guilty plea, or by a motion for a new trial. Willis v. State, 500 So.2d 1324 (Ala.Cr.App.1986); Johnson v. State, 480 So.2d 14 (Ala.Cr.App.1985). In this case, Harris failed to object to or to raise the issue in the trial court at any part of the guilty plea proceedings; thus, this court has no adverse ruling to review. His failure to raise the issue in the trial court and to obtain an adverse ruling bars him from challenging his pleas on appeal.
*293 II.
Harris next contends that the trial court erred in accepting his guilty pleas because, he says, the colloquy between him and the trial court did not refer to Ireland forms, there was no Ireland form executed for the guilty plea on the robbery charge, and he was not informed of the maximum sentence he could receive upon conviction of robbery in the first degree. Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971). He argues that these alleged deficiencies caused him to enter guilty pleas that were not knowingly, intelligently, and voluntarily entered. This issue, like the issue in part I above, is proeedurally barred from review because no objection was made to these alleged defects nor was the issue raised in the trial court. There being no objection below and no adverse ruling in the trial court on the issue presented, there is nothing for us to review. Cantu v. State, [Ms. 1920426, October 15, 1993]*; Willis v. State.
For the above reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur.

 Note from the Reporter of Decisions: The Alabama Supreme Court on April 15, 1994, withdrew its October 15, 1993, opinion in Cantu and substituted another one. See - So.2d - (Ala.1994).