On Application for Rehearing

McMILLAN, Judge.
The opinion of September 30, 1993, is withdrawn and the following is substituted therefor.
The appellant, Tony Howard, was convicted of being in possession of a pistol after having been convicted of a crime of violence, in violation of § 13A-ll-72(a), Code of Alabama 1975. At the sentencing hearing, the prosecutor invoked the Habitual Felony Offender Act, asserting that the appellant had three prior felony convictions. The trial court then sentenced the appellant to 15 years in the penitentiary, including enhancements, pursuant to the Habitual Felony Offender Act, that sentence to run concurrently with one that the appellant was serving.
I
The appellant argues that the trial court erred in failing to grant him a new trial upon the discovery, at the hearing on his motion for a new trial, that a key witness for the State had been promised “help” in exchange for his testimony. The appellant’s motion for a new trial alleged that the State had failed to produce certain exculpatory information concerning the circumstances of their key witness’s testimony. Specifically, defense counsel alleged that the State’s key witness had been coached by the police in making his statements. This witness was called to testify at the hearing on the motion and initially testified that the detective who took his statement promised that he would *627 “help” him. Upon further questioning, the witness stated that the promise was made based on the witness’s statements as to where he had been seated in the car and where the gun had been located in the car and as to the fact that the appellant had picked him up as a passenger and was taking him home immediately before the arrest. He testified that the officer did not promise him any help in return for the witness’s cooperation in making a ease against the appellant. Furthermore, he testified that the detective did not promise him that, in return for information concerning the pistol, he would not be charged in the case. The witness testified that he was having difficulty remembering the circumstances of the statements and that, therefore, his testimony was uncertain. There was a great deal of questioning by defense counsel, as well as the trial court, to clarify this matter. Eventually, the witness testified that the officer, that “was telling me if I’d just tell him what happened, you know, he said I ain’t got nothing to worry about, because I told him I didn’t have nothing to do with it. He told me just tell him what happened and I ain’t got nothing to worry about. And I told him what happened and he wrote it down right here.” The witness told the trial court that he had seen the appellant with the pistol and that he had informed the police of that fact. He further testified that he had not made that statement because he believed the police would help him if he did so. Subsequently, the trial court entered a written order denying the motion for a new trial.
Findings of fact by the trial court are presumed to be correct and will not be overturned on appeal unless they are clearly erroneous. Ex parte Frazier, 562 So.2d 560 (Ala.1989). Moreover, a trial court’s decisions concerning the credibility of witnesses are reviewed under the “abuse of discretion” standard. See Perry v. State, 455 So.2d 999 (Ala.Cr.App.1984). In the present case, we find no abuse of discretion by the trial court in this determination, and its ruling was not clearly erroneous.
II
The appellant argues that the trial court erred in overruling his objection to the prosecutor’s allegedly arguing matters not in evidence to the jury. The appellant refers to certain references during his closing argument by the prosecutor to another trial. However, the record indicates that there was no adverse ruling on the matter by the trial court. The following occurred during the prosecutor’s closing argument to the jury: “[PROSECUTOR]: ... It was different in Christopher Terry’s trial.
“[DEFENSE COUNSEL]: Object and move to strike.
“THE COURT: I sustain.
“[DEFENSE COUNSEL]: I would like instructions to the jury, Your Honor.
“THE COURT: I sustained the objection. Disregard that last statement.
“[PROSECUTOR]: ... It was different in yesterday’s trial.
“[DEFENSE COUNSEL]: Object and move to strike. Different from what?
“[PROSECUTOR]: Her testimony was different from yesterday’s trial.
“[DEFENSE COUNSEL]: Objection; there’s no evidence of that.
“[PROSECUTOR]: It was different from yesterday’s trial. She changed it.
“[DEFENSE COUNSEL]: Okay, if that’s what you’re saying.”
“[PROSECUTOR]: ... Ladies and gentlemen, this is a report that the police officers, the detectives, write as part of their investigation. The officer on the scene writes one as well. What it does, it keeps fresh on paper what is—
“[DEFENSE COUNSEL]: Objection. There is not evidence — he’s testifying to facts [not] in evidence.
“[PROSECUTOR]: I’m explaining what this is.
“THE COURT: Reasonable inferences therefrom.
“[PROSECUTOR]: Thank you, Judge.”
Because the appellant’s objection to the prosecutor’s initial comments regarding a previous trial was sustained, there is no adverse ruling for this court to review. See, e.g., *628 Hill v. State, 409 So.2d 943, 945 (Ala.Cr.App.1981). As to the second comment made by the prosecutor regarding the report, as the trial court noted, the prosecutor was drawing permissible inferences from the evidence. See, e.g., Gray v. State, 568 So.2d 381 (Ala.Cr.App.1990); Kitsos v. State, 574 So.2d 979 (Ala.Cr.App.1990); Donahoo v. State, 505 So.2d 1067, 1072 (Ala.Cr.App.1986).
III
The appellant filed a supplemental brief to this court arguing that his sentence was improper, because, he argues, the Habitual Felony Offender Act does not apply in cases concerning the possession of a pistol by one who has previously been convicted of a crime of violence.
There was no objection made to the appellant’s sentencing on this ground made at trial. However, this sentencing error, if any, is jurisdictional and is therefore not subject to waiver. City of Birmingham v. Perry, 41 Ala.App. 173, 125 So.2d 279 (1960). Jones v. State, 585 So.2d 180, 181 (Ala.Cr.App.1991); McWilliams v. State, 587 So.2d 1064, 1065 (Ala.Cr.App.1991); Ex parte Vinson, 615 So.2d 655 (Ala.1992). “In Ex parte Brannon, 547 So.2d 68 (Ala.1989), this Court held that “when a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review.’ 547 So.2d at 68 (emphasis added).” Ex parte Cantu, [Ala.Sup.Ct. Docket No. 1920426, October 15,1993] (Ala. 1993). Thus, because the appellant alleges that his sentence is illegal, this matter is subject to appellate review.
In Graves v. State, 632 So.2d 33 (Ala.1993), the Alabama Supreme Court, citing Gholston v. State, 620 So.2d 719 (Ala.1993), held that the defendant had been properly sentenced on his conviction for the unlawful possession of a pistol by a person previously convicted of a crime of violence under the Habitual Felony Offender Act. In Graves v. State, supra, the defendant’s previous conviction was for manslaughter, both a crime of violence and a felony; therefore, the defendant’s sentence was properly enhanced under the Habitual Felony Offender Act by that felony.
In State v. Gholston, 620 So.2d at 724, the Alabama Supreme Court stated:
“[W]e conclude that the intent of the legislature, as shown by the plain language of the statute, is that the sentence for a conviction for unlawful possession of a pistol under § 13A-ll-72(a) can be enhanced by the Habitual Felony Offender Act when the prior conviction for a ‘crime of violence’ is also a prior ‘felony’ conviction. The Court of Criminal Appeals, in Nunnery v. State, 410 So.2d 444, 448 (Ala.Cr.App.1981), held that unlawful possession of a pistol by a person convicted of a crime of violence is a felony and that the Habitual Felony Offender Act applies to such a conviction. The Habitual Felony Offender Act is mandatory and must be applied whenever a repeat offender with a prior felony conviction is convicted of another felony. See, e.g., § 13A-5-9(a), Ala.Code 1975 (‘In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows: ...’ (emphasis added)); see also Watson v. State, 392 So.2d 1274 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1280 (Ala.1981). Because a violation of § 13A-ll-72(a) is a felony, and the Habitual Felony Offender Act, § 13A-5-9, requires that every sentence for a felony conviction be enhanced when the defendant has a previous felony conviction, we hold that the apparent legislative intent is that the sentence upon conviction for unlawful possession of a firearm by a person convicted of a crime of violence is to be enhanced by the Habitual Felony Offender Act if the prior conviction was a felony conviction....”
Therefore, the appellant was properly sentenced pursuant to the Habitual Felony Offender Act.
APPLICATION GRANTED; OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
All Judges concur.