The appellant, Luther Lee Grays, pleaded guilty to violating § 13A-11-72(a), Ala. Code 1975, which forbids certain persons to possess a pistol. Grays was sentenced to 10 years in the penitentiary. Grays was also ordered to pay a victim compensation assessment of $50.00 and to pay court costs.
Grays contends that his plea of guilty was not knowingly and intelligently entered, because, he says, all of the requirements of Rule 14.4(a)(1), Ala.R.Crim.P., were not met. Specifically, Grays argues that a material element of his offense, a prior conviction for a crime of violence, was not proved during the plea colloquy. Grays argues that the State failed to provide the trial court with a certified copy of the alleged prior conviction and that neither the State nor the trial court informed him that his sentence would be enhanced based on prior felony convictions. This issue has not been properly preserved for appeal. *Page 844 
In order to challenge the validity of a guilty plea on appeal, the issue must first be presented to the trial court by a timely objection, a motion to withdraw the guilty plea, or by a motion for a new trial. Harris v. State, 641 So.2d 291, 292
(Ala.Crim.App. 1994). Failure to file a motion for a new trial or motion to withdraw the plea, or to object at any time during the plea proceeding or sentencing hearing waives the issue whether a guilty plea was knowingly and intelligently entered. Lasner v.State, 689 So.2d 1004 (Ala.Crim.App. 1996).
In the instant case, Grays filed a motion for a new trial; however, in that motion he alleged that his plea was not made knowingly because he "did not understand the sentence to which he was pleading." (C. 17.) Grays did not raise the specific grounds he is now arguing on appeal. A specific ground of objection waives all others not specified, and the trial court will not be put in error on a ground not assigned at trial. See Ayers v.State, 659 So.2d 177, 180 (Ala.Crim.App. 1994). Grays's argument that his guilty plea was not knowingly made because he did not understand his sentence is not the argument he now raises on appeal; i.e., that his guilty plea was not knowingly and intelligently entered because, he says, he was unaware that his prior felony conviction would be used for enhancement purposes.[1]
However, a careful review of the record indicates that the trial court did not have jurisdiction to impose the sentence in this case. This Court can review a jurisdictional issue at any time, even if the issue is not raised by the appellant. See Nunnv. Baker, 518 So.2d 711, 712 (Ala. 1987); Cole v. State,435 So.2d 231, 233 (Ala.Cr.App. 1983). During the plea colloquy, the trial court thoroughly explained his rights to Grays, and Grays indicated that he understood all of those rights. At one point during the plea colloquy, the trial court asked Grays if he understood that the offense with which he was charged was a Class C felony and that upon entering a plea of guilty his sentence would be not less that 1 year and 1 day and not more that 10 years in prison and a possible fine, not to exceed $5,000.
Grays indicated that he understood the sentence, and the trial court sentenced Grays to 10 years in prison. A violation of § 13A-11-72(a), Ala. Code 1975, however, is not a Class C felony. Section 13A-11-72, Ala. Code 1975, states, in pertinent part:
 "(a) No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his or her possession or under his or her control.
 "(b) No person who is a drug addict or an habitual drunkard shall own a pistol or have one in his or her possession or under his or her control.
 "(c) Subject to the exceptions provided by Section 13A-11-74, no person shall knowingly with intent to do bodily harm carry or possess a deadly weapon on the premises of a public school.
 "(d) Possession of a deadly weapon with the intent to do bodily harm on the premises of a public school in violation of subsection (c) of this section is a Class C felony."
Moreover, section 13A-11-84, Ala. Code 1975, states in pertinent part:
 "(a) Every violation of subsection (a) of Section 13A-11-72 or of Sections *Page 845 13A-11-81 or 13A-11-82 shall be punishable by imprisonment for not more than five years. . . ."
The plain language of § 13A-11-72, Ala. Code 1975, makes only a violation of subsection (c) of that code section constitute a Class C felony. In addition, pursuant to § 13A-11-84, Ala. Code 1975, the maximum punishment allowed for a violation § 13A-11-72(a) is five years in prison.
Thus, Grays's sentence for violating § 13A-11-72(a), Ala. Code 1975, was improper because a violation of that section neither constitutes a Class C felony nor merits a punishment of 10 years in prison. Grays should have been sentenced to no more than five years in prison. Therefore, we remand this case to the trial court for the imposition of a new sentence. Due return shall be made to this court within 30 days.
REMANDED WITH INSTRUCTIONS
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.
[1] Even if this issue had been preserved, it is without merit; a review of the record indicates that Grays's sentence was not enhanced pursuant to the Habitual Felony Offender Act.