John Lee Matchum was indicted for unlawfully possessing a pistol after having been previously convicted of a crime of violence, a violation of § 13A-11-72, Ala. Code 1975. On November 5, 2002, Matchum entered a plea of guilty to the charged offense, reserving for appellate review "this issue about the applicability of the habitual offender law." (R. 4.) The *Page 1203 
trial court sentenced Matchum, as a habitual felony offender with three prior felony convictions,[1] to 15 years' imprisonment. This sentence was to run concurrently with Matchum's sentence in CC-00-622.01 and.02.[2]
On appeal, Matchum, relying on this Court's decisions in Graysv. State, 782 So.2d 842 (Ala.Crim.App. 2000), and Bush v.State, 615 So.2d 137 (Ala.Crim.App. 1992), contends that his sentence is illegal because, he says, the trial court improperly sentenced him to 15 years' imprisonment, which, he says, exceeds the maximum sentence it was authorized to impose. Specifically, he argues that the trial court improperly applied the Habitual Felony Offender Act ("the HFOA") to enhance his sentence in the present case because, he says, a violation of § 13A-11-72(a) is not classified as a Class C felony; a violation of § 13A-11-72(a) carries its own sentencing scheme; and he could be sentenced to no more than five years' imprisonment for a violation of §13A-11-72(a). See § 13A-11-84(a), Ala. Code 1975.[3]
In Bush, this Court stated:
 "The appellant, Charles Randall Bush, was convicted of possessing a pistol after being convicted of committing a crime of violence, a violation of § 13A-11-72, Code of Alabama 1975, and of trafficking in controlled substances, a violation of § 13A-12-231, Code of Alabama 1975. The appellant was sentenced to 10 years' imprisonment and was fined $250 on the firearm possession conviction. He was sentenced as a habitual felony offender to life imprisonment and was fined $50,000 on the drug trafficking conviction.
". . . .
 "It has come to our attention upon review of the appellant's sentence that the appellant was incorrectly sentenced to a 10-year prison term upon his conviction for possession of a pistol after having been convicted for [a] crime of violence. According to § 13A-11-84(a), the maximum prison term that the appellant could receive upon conviction for this offense is five years. The appellant's sentence was excessive and therefore must be corrected upon his resentencing. Although the appellant failed to present this issue on appeal, we may review this issue. See Ex parte Brannon, 547 So.2d 68 (Ala. 1989)."
615 So.2d at 139-41.
In Grays, Grays entered a guilty plea to violating §13A-11-72(a) and was sentenced to 10 years' imprisonment. This Court stated:
 "However, a careful review of the record indicates that the trial court did not have jurisdiction to impose the sentence in this case. This Court can review a jurisdictional issue at any time, even if the issue is not raised by the appellant. See Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987); Cole v. State, 435 So.2d 231, 233 (Ala.Cr.App. 1983). During the plea colloquy, the trial court thoroughly explained his rights to Grays, and Grays indicated that he understood all of those rights. At one point during the plea *Page 1204 
colloquy, the trial court asked Grays if he understood that the offense with which he was charged was a Class C felony and that upon entering a plea of guilty his sentence would be not less than 1 year and 1 day and not more than 10 years in prison and a possible fine, not to exceed $5,000.
 "Grays indicated that he understood the sentence, and the trial court sentenced Grays to 10 years in prison. A violation of § 13A-11-72(a), Ala. Code 1975, however, is not a Class C felony. . . .
 ". . . The plain language of § 13A-11-72, Ala. Code 1975, makes only a violation of subsection (c) of that code section constitute a Class C felony. In addition, pursuant to § 13A-11-84, Ala. Code 1975, the maximum punishment allowed for a violation [of] § 13A-11-72(a) is five years in prison.
 "Thus, Grays's sentence for violating § 13A-11-72(a), Ala. Code 1975, was improper because a violation of that section neither constitutes a Class C felony nor merits a punishment of 10 years in prison. Grays should have been sentenced to no more than five years in prison."
782 So.2d at 844-45.
The State, relying on Graves v. State, 632 So.2d 33 (Ala. 1993); Gholston v. State, 620 So.2d 719 (Ala. 1993); Howard v.State, 648 So.2d 625 (Ala.Crim.App. 1994); and Nunnery v.State, 410 So.2d 444 (Ala.Crim.App. 1981), maintains that the trial court properly applied the HFOA to enhance Matchum's sentence in the present case.
In Nunnery, this Court stated:
 "We also are in disagreement with [Nunnery's] only other contention, that the trial court was in error in sentencing [Nunnery] in Case No. CC-80-2319 pursuant to the Habitual Felony Offenders Act. In the sentencing hearing, it was clearly shown that [Nunnery] had been previously convicted of at least three felonies. [Nunnery] argues that the Habitual Felony Offenders Act does not provide for any punishment in addition to that prescribed for the offense charged in CC-80-2319, possession of a pistol after a conviction of a crime of violence. [Nunnery] states:
 "`Section 13A-11-72 of the Code of Alabama (1975) defines the offense of Possession of a Pistol after Conviction of a Crime of Violence. Section 13A-11-74
[sic] prescribes the punishment for that offense as imprisonment for not more than five years. . . .
 "`[Nunnery] contends this is an illegal sentence which the Code of Alabama does not authorize. Alabama's Habitual Offender Act, Section 13A-5-9 of the Code of Alabama (1975, 1980 Supp.), by its terms, authorizes enhanced punishment only for those felonies which are designated as Class A, B or C felonies. Neither Section 13A-11-72 nor Section 13A-11-74 [sic] designates this offense as being in one of those classes.'
 "[Nunnery] evidently intended to refer to provisions of § 13A-11-84 instead of § 13A-11-74. Section 13A-11-84, not § 13A-11-74, prescribes punishment for a violation of § 13A-11-72(a), which is charged in the indictment in CC 80-2319. The punishment there provided is `imprisonment for no more than five years.' [Nunnery] shows study and ingenuity by his contention, but we think he is incorrect in his construction of the applicable statutory law on the subject. There is a flaw in the language thereof, in that there is no express classification of the crime of possession of a pistol after conviction of a crime of violence, but it is unquestionably a felony by reason of its punishability by imprisonment *Page 1205 for more than one year. It is obvious that in the Criminal Code of 1975, effective January 1, 1980, and the statutory law upon which it is based, there was an effort to classify expressly all non-capital felonies except murder into three classifications, A, B, and C. That there was a failure to do so as to the crime charged in CC-80-2319 [possession of a pistol after conviction of a crime of violence] does not deprive it of its status as a felony. All of the law on the subject is to be considered in pari materia. As so considered, the only reasonable construction is that the crime is a Class C felony, for the reason that the Habitual Felony Offenders Act purports to preempt the field of felonies generally, which the crime considered unquestionably is. Furthermore, the very language of § 13A-5-6(a)(3) prescribing the range of sentences for felonies provides, `For a Class C felony, not more than 10 years or less than 1 year and 1 day.' By good reasoning, we believe, it can be said that any felony punishable by imprisonment for `not more than 10 years or less than 1 year and 1 day' is a Class C felony, as to do so does nothing more than reverse the order of the obvious equation that a Class C felony is the equivalent of a felony that is punishable by a sentence to imprisonment for not more than 10 years or less than 1 year and 1 day. Such a conclusion follows, in our opinion, irrespective of § 13A-5-1(a) and § 13A-5-4, relied upon by [Nunnery].
"Section 13A-5-1(a) provides:
 "`Every person convicted of any offense defined in this article, or defined outside this title, shall be sentenced by the court in accordance with this article, unless otherwise specifically provided by law.'
 "[Nunnery] says that he `contends, quite simply, that the punishment for the pistol offense is "otherwise specifically provided" by Section 13A-11-74[sic, which we believe is meant to refer to § 13A-11-84(a)].' . . .
"Section 13A-5-4(a) provides:
 "` . . . Any offense defined outside this title which is declared by law to be a felony without specification of its classification or punishment is punishable as a Class C felony.'
 "[Nunnery] argues that said section specifies `punishment,' thus taking it outside the terms of 13A-5-4, and leaving it unclassified. . . . However, by what we have already said we have determined that irrespective of § 13A-5-4(a), the crime charged in CC-80-2319 [possession of a pistol after conviction of a crime of violence] is the equivalent of a Class C felony. The trial court was not in error in treating it accordingly."
410 So.2d at 447-49 (footnote omitted) (emphasis added).
In Gholston, Gholston was convicted under § 13A-11-72(a) and was sentenced, as a habitual felony offender with one prior felony conviction, to 10 years' imprisonment. In its opinion, the Alabama Supreme Court stated:
 "[T]he specific question on appeal [is] whether the legislative intent behind § 13A-5-9, § 13A-11-72(a), and § 13A-11-84(a) was that a single felony conviction not be used both to prove a necessary element of the offense of unlawful possession of a pistol by a person convicted of a crime of violence and to enhance that sentence upon conviction.
". . . .
 "Construing the statutes at issue in pari materia, we conclude that the intent of the legislature, as shown by the plain language of the statutes, is that the sentence for a conviction for unlawful possession of a pistol under § 13A-11-72(a) *Page 1206 
can be enhanced by the Habitual Felony Offender Act when the prior conviction for a `crime of violence' is also a prior `felony' conviction. The Court of Criminal Appeals, in Nunnery v. State, 410 So.2d 444, 448 (Ala.Cr.App. 1981), held that unlawful possession of a pistol by a person convicted of a crime of violence is a felony and that the Habitual Felony Offender Act applies to such a conviction. The Habitual Felony Offender Act is mandatory and must be applied whenever a repeat offender with a prior felony conviction is convicted of another felony. See, e.g., § 13A-5-9(a), Ala. Code 1975 (`In all
cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows: . . .' (emphasis added [in Gholston])); see also Watson v. State, 392 So.2d 1274 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981). Because a violation of § 13A-11-72(a) is a felony, and the Habitual Felony Offender Act, § 13A-5-9, requires that every sentence for a felony conviction be enhanced when the defendant has a previous felony conviction, we hold that the apparent legislative intent is that the sentence upon conviction for unlawful possession of a firearm by a person convicted of a crime of violence is to be enhanced by the Habitual Felony Offender Act if the prior conviction was a felony conviction, and we hold that the same prior conviction may be used to prove the prior conviction for a crime of violence and to enhance the sentence under the Habitual Felony Offender Act."
620 So.2d at 722-24 (footnote omitted) (final emphasis added).
In Graves, the Alabama Supreme Court stated:
 "Although the Court of Criminal Appeals affirmed Graves's conviction for unlawful possession of a pistol by a person previously convicted of a crime of violence, that court held that `the Habitual Felony Offender Act, § 13A-5-9, cannot be applied for enhancement purposes to sentences for [unlawful possession] convictions under § 13A-11-72(a). For such convictions, sentencing must be in accordance with § 13A-11-84(a).' Graves v. State, 632 So.2d [30,] 32 [(Ala.Crim.App. 1992)] (citing this Court's September 18, 1992, opinion in Ex parte Johnson[, 1901573]). We note, however, that on April 16, 1993, on application for rehearing, this Court withdrew its September 18, 1992, opinion in Ex parte Johnson and substituted a new opinion; that substituted opinion omits any discussion of the application of the Habitual Felony Offender Act to convictions for unlawful possession. See Ex parte Johnson, 620 So.2d 665 (Ala. 1993) (opinion on rehearing).
 "Furthermore, this Court in Gholston v. State, 620 So.2d [719] (Ala. 1993), specifically held that the Habitual Felony Offender Act mandates that convictions for unlawful possession be enhanced if the prior conviction for a `crime of violence' was a felony conviction. . . .
 "Graves had a previous conviction for manslaughter, which is both a crime of violence, under § 13A-11-72(a), Ala. Code 1975, and a felony, under § 13A-6-3(b). Therefore, based upon our decision in Gholston and the substituted opinion in Johnson
on rehearing, we reverse the Court of Criminal Appeals' judgment remanding for resentencing on the conviction for unlawful possession; that court erred in holding that that sentence had been improperly enhanced under the Habitual Felony Offender Act."
632 So.2d at 34-35 (final emphasis added).
In Howard, this Court stated: *Page 1207 
 "The appellant, Tony Howard, was convicted of being in possession of a pistol after having been convicted of a crime of violence, in violation of § 13A-11-72(a), Code of Alabama 1975. At the sentencing hearing, the prosecutor invoked the Habitual Felony Offender Act, asserting that the appellant had three prior felony convictions. The trial court then sentenced the appellant to 15 years in the penitentiary, including enhancements, pursuant to the Habitual Felony Offender Act, that sentence to run concurrently with one that the appellant was serving.
". . . .
 "The appellant filed a supplemental brief to this court arguing that his sentence was improper, because, he argues, the Habitual Felony Offender Act does not apply in cases concerning the possession of a pistol by one who has previously been convicted of a crime of violence.
". . . .
 "In Graves v. State, 632 So.2d 33 (Ala. 1993), the Alabama Supreme Court, citing Gholston v. State, 620 So.2d 719 (Ala. 1993), held that the defendant had been properly sentenced on his conviction for the unlawful possession of a pistol by a person previously convicted of a crime of violence under the Habitual Felony Offender Act. In Graves v. State, supra, the defendant's previous conviction was for manslaughter, both a crime of violence and a felony; therefore, the defendant's sentence was properly enhanced under the Habitual Felony Offender Act by that felony.
 "In Gholston v. State, 620 So.2d at 724, the Alabama Supreme Court stated:
 "`[W]e conclude that the intent of the legislature, as shown by the plain language of the statute, is that the sentence for a conviction for unlawful possession of a pistol under § 13A-11-72(a) can be enhanced by the Habitual Felony Offender Act when the prior conviction for a "crime of violence" is also a prior "felony" conviction. The Court of Criminal Appeals, in Nunnery v. State, 410 So.2d 444, 448
(Ala.Cr.App. 1981), held that unlawful possession of a pistol by a person convicted of a crime of violence is a felony and that the Habitual Felony Offender Act applies to such a conviction. The Habitual Felony Offender Act is mandatory and must be applied whenever a repeat offender with a prior felony conviction is convicted of another felony. See, e.g., § 13A-5-9(a), Ala. Code 1975 ("In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows: . . ." (emphasis added [in Gholston])); see also Watson v. State, 392 So.2d 1274 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981). Because a violation of § 13A-11-72(a) is a felony, and the Habitual Felony Offender Act, § 13A-5-9, requires that every sentence for a felony conviction be enhanced when the defendant has a previous felony conviction, we hold that the apparent legislative intent is that the sentence upon conviction for unlawful possession of a firearm by a person convicted of a crime of violence is to be enhanced by the Habitual Felony Offender Act if the prior conviction was a felony conviction. . . .'
 "Therefore, the appellant was properly sentenced pursuant to the Habitual Felony Offender Act."
648 So.2d at 626-28.
Thus, there appears to be a conflict between the cases relied on by Matchum and *Page 1208 
those relied on by the State. However, on closer examination,Bush and Grays can be distinguished from Graves, Gholston,Howard, and Nunnery because the sentences of the defendants inBush and Grays were not enhanced pursuant to the HFOA,[4] while the sentences of the defendants in Graves,Gholston, Howard, and Nunnery were enhanced pursuant to the HFOA.
In Grays, this Court made no reference to the Supreme Court's decisions in Graves or Gholston or to this Court's previous decisions in Howard or Nunnery. After carefully reviewing the opinion in Grays, we conclude that this Court incorrectly stated in that case that "[a] violation of § 13A-11-72(a), Ala. Code 1975, however, is not a Class C felony,"782 So.2d at 844, and that "the maximum punishment allowed for a violation [of] § 13A-11-72(a) is five years in prison." 782 So.2d at 845. Thus, to the extent that Grays is inconsistent with our holding in the present case and with the holdings in Graves, Gholston,Howard, and Nunnery, we hereby overrule it.[5]
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] Matchum, through his attorney, stipulated to the prior convictions used for enhancement purposes, which were CC-00-622.01 (third-degree burglary); CC-00-622.02 (second-degree theft); and CC-94-664 (third-degree escape). (R. 7-8.)
[2] When Matchum entered his guilty plea in the present case, the trial court revoked his probation in CC-00-622.01 and .02. (R. 9, R. 13.)
[3] Section 13A-11-84(a) states, in pertinent part: "Every violation of subsection (a) of Section 13A-11-72 . . . shall be punishable by imprisonment for not more than five years."
[4] In Bush, it appears that while Bush was sentenced as a habitual felony offender on the drug-trafficking conviction, he was not sentenced as a habitual felony offender on the firearm-possession conviction. 615 So.2d at 139.
In Grays, this Court specifically noted that "Grays's sentence was not enhanced pursuant to the Habitual Felony Offender Act." 782 So.2d at 844 n. 1.
[5] We note Matchum's contention that the Supreme Court's decision in Gholston is inconsistent with this Court's decision in Ringer v. State, 501 So.2d 493 (Ala.Crim.App. 1986), in which this Court held that a prior felony conviction could not be used for enhancement under the HFOA of a sentence for a conviction of first-degree escape when that felony was the basis for the confinement from which the accused escaped. However, inGholston, the Supreme Court stated:
"We note that Gholston compares enhancement of a sentence for an unlawful possession conviction with the enhancement upon conviction for escape in the first degree. However, we note that in order to prove escape in the first degree, the State must prove a felony conviction. In Ringer v. State, 501 So.2d 493,494 (Ala.Cr.App. 1986), the Court of Criminal Appeals noted:
 "`Conviction of a felony is a necessary ingredient for the conviction of a person under § 13A-10-31(a)(2) [escape in the first degree]. The legislature has clearly directed that this offense be punished as a class B felony. To adopt the interpretation suggested by the state would be always to punish this offense as a class A felony. Our analysis, therefore, tells us that this result is not the one intended by the legislature and that the felony conviction made an element of a conviction of § 13A-10-31(a)(2), cannot lawfully be again used to enhance punishment for a conviction under that subsection.'"
Id. at 494 (emphasis added [in Gholston]). Because every conviction for escape in the first degree necessarily requires proof of a prior felony conviction, the Ringer holding is distinguishable from our holding in this case."
620 So.2d at 725 n. 2. See also Hampton v. State, 815 So.2d 565
(Ala.Crim.App. 1999), rev'd on other grounds, 815 So.2d 569 (Ala. 2000).
 *Page 532