[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10280
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 30, 2010
JOHN LEY
CLERK

_____

D.C. Docket No. 1:08-cr-00389-JC-C-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDMOND HUDMOND SMITH, IV,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 30, 2010)

Before DUBINA, Chief Judge, EDMONDSON and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Edmond Hudmond Smith appeals his conviction for being a felon

in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Smith argues that the district court erred by denying his motion for judgment of acquittal because it erroneously concluded that he previously was convicted of a felony in Alabama state court under Alabama Code § 13A-11-72(a). Smith argues that he was convicted of a misdemeanor under subsection (b) of that statute. In support, Smith points to the certified copy of the judgment ("Conviction Report"), which states that he was convicted under § 13A-11-72(b), and to the fact that he was sentenced to only six months' imprisonment.

We review the denial of a motion for judgment of acquittal *de novo*. *United States v. DuBose*, 598 F.3d 726, 729 (11th Cir. 2010). "In reviewing the sufficiency of the evidence underlying a conviction, we consider the evidence in the light most favorable to the government." *Id.* (internal quotation marks omitted).

Under § 922(g)(1), it is unlawful for a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year," to ship, transport, or receive ammunition affecting interstate commerce. 18 U.S.C. § 922(g)(1). Relevant to this case, subsection (a) of the Alabama statute entitled "Certain persons forbidden to possess pistol," prohibits a person who has been convicted "of committing or attempting to commit a crime of violence" from

2

owning a pistol or having one in his possession or under his control. Ala. Code

§ 13A-11-72(a). Subsection (b) provides that "No person who is a drug addict or

an habitual drunkard shall own a pistol or have one in his or her control." *Id.*

§ 13A-11-72(b). A violation of subsection (a) of § 13A-11-72 is considered to be

a Class C felony and is punishable for not "less than 1 year and 1 day," and "not

more than five years." *See Matchum v. State*, 880 So.2d 1202, 1208 (Ala. Crim.

App. 2003); Ala. Code §§ 13A-5-4, 13A-5-6(a)(3), 13A-11-84(a). In contrast, a

conviction under subsection (b) of § 13A-11-72 is considered to be a

misdemeanor, "punishable by imprisonment for any term less than one year." *See*

Ala. Code §§ 13A-11-72(b), 13A-11-84, 13A-1-2(9) (defining "misdemeanor" as

"[a]n offense for which a sentence to a term of imprisonment not in excess of one

year may be imposed").

The parties do not disputed that a conviction under § 13A-11-72(b) is a

misdemeanor conviction and a conviction under § 13A-11-72(a) is a felony

conviction. The only dispute is whether the district court was correct in its

determination that Smith was convicted under § 13A-11-72(a) and not § 13A-11-

72(b).

The evidence supports the district court's finding that Smith was indicted

for and pleaded guilty to a felony offense. The indictment specifically references

3

§ 13A-11-72(a) and does not made any allegations supporting a conviction under § 13A-11-72(b). During the plea colloquy, the state court judge informed Smith that the offense to which he pleaded guilty carries a maximum five-year prison term. The paperwork completed following the plea includes a reference to the offense being a felony and Smith paid the docketing fee applicable to a felony conviction. Further, the district court sentenced Smith to a term longer than one year in prison based on the more than six months of credited time served combined with the additional six-month term imposed at sentencing. *See United States v. Glover*, 154 F.3d 1295–96 (11th Cir. 1998) (in determining the sentence imposed, aggregate the credit awarded by the sentencing court for time served and the additional sentence term imposed).

Therefore, we conclude that Smith's criminal history included a felony conviction under Alabama Code § 13A-11-72(a), for which he served a sentence in excess of one year. Thus, the district court correctly determined that this predicate offense constituted a felony and, therefore, supported Smith's conviction under § 922(g)(1). Accordingly, we affirm the district court's denial of Smith's motion for judgment of acquittal.

**AFFIRMED.**