TAYLOR, Judge.
The appellant, Charles Gholston, was convicted of being a person, previously convicted of a crime of violence, found to be in possession of a pistol, a violation of § 13A-11-72, Code of Alabama 1975. He was also convicted of menacing, a violation of § 13A-6-23, Code of Alabama 1975. He was sentenced to six months in jail on the menacing conviction. His sentence on the conviction for unlawfully possessing a pistol was enhanced pursuant to the Habitual Felony Offender Act (§ 13A-5-9, Code of Alabama 1975) to a term of 10 years in the penitentiary. Both sentences are to run concurrently. He presents two issues on appeal.
I
The appellant first contends that the trial court erred by denying his pretrial motion to be allowed to stand trial in civilian clothing. At the time of trial, he was an inmate *716 with the Alabama Department of Corrections serving a sentence for attempted murder. He was brought to the courtroom wearing a prison jumpsuit stenciled with the words “Alabama Department of Corrections.”
The state cannot compel a defendant to stand trial while dressed in prison clothes. Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). There, the Supreme Court stated that “the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes_” 425 U.S. at 512, 96 S.Ct. at 1697. However, not every instance where a defendant stands trial in prison garb is a per se violation of the Fourteenth Amendment, because of the harmless error rule. This court, in interpreting Estelle v. Williams, has ruled in several cases that the defendant is not prejudiced by wearing prison clothing at trial where the evidence would necessarily and unavoidably inform the jury of the defendant’s status as an inmate. George v. State, 423 So.2d 335 (Ala.Cr.App.1982); Jacques v. State, 409 So.2d 876 (Ala.Cr.App.1981), aff’d 409 So.2d 885 (Ala.1982). This is not the situation in this case.
In George v. State, the defendant was being tried for a robbery that was committed in the penitentiary where he was an inmate. Therefore, the jury was certain to be informed that the defendant was in prison at the time of the alleged offense. We stated that “in the majority of cases, courts have held that a defendant should not be compelled to attend trial in prison clothing because it would tend to prejudice the jury against the defendant and, thereby, negate the presumption of innocence.” George, 423 So.2d at 336.
The defendant in Jacques v. State, was being tried for escape from prison. Here again, the nature of the offense necessitates that the jury be informed of the defendant’s status as an inmate. In affirming Jacques’s conviction we wrote:
“The defendant was not prejudiced by any failure on the part of the State to provide him with other clothes. In saying this, we do not recommend that even in such a case a convict should not be dressed with appropriate clothes throughout his trial, clothing distinctly different from his prison clothes.”
409 So.2d at 880. (Emphasis added.)
In the case at hand, the appellant was not being tried for an offense which necessitated that the jury be informed that he was presently an inmate. There is a danger that the jury will convict, upon general principles, an inmate. The presumption of innocence is in danger of “going out the window” in such a circumstance. Therefore, his constitutional rights were infringed when the jury was allowed to see him in prison clothing.
II
''The appellant contends that the trial court erred in sentencing him as a habitual offender. Specifically, he contends that the Habitual Felony Offender Act is not applicable to crimes that require the same previous felony conviction as a necessary element of the offense. We agree and find that reversible error occurred when the first felony, an element of the offense, was also used to enhance punishment.
The appellant was convicted of unlawfully possessing a pistol in violation of § 13A-11-72, Code of Alabama 1975. Section 13A-11-72, reads in pertinent part as follows:
“(a) No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control.”
(Emphasis added). To bring the appellant within the purview of this statute, the State introduced his prior conviction for attempted murder. The State then used this same attempted murder conviction to enhance the appellant’s sentence pursuant to § 13A-5-9, Code of Alabama 1975.
We addressed this identical issue in Wigley v. State, 456 So.2d 339 (Ala.Cr.App.1982). In Wigley, we held:
“In instances when there is only one prior conviction, and that conviction is a *717 necessary element or ingredient of the currently charged offense, such prior conviction is not available and may not again be used to enhance the punishment under the Habitual Felony Offenders Act.”
Wigley, 456 So.2d at 341.
In Dickerson v. State, 517 So.2d 625 (Ala.Cr.App.1986), rev’d on other grounds, 517 So.2d 628 (Ala.1987), there were a number of prior felony convictions, some of which were used to enhance punishment. Use of the conviction that was an element of the offense was not necessary to impose the sentence that was imposed. Language in that case suggesting that the trial court may make double use of the prior felony conviction was therefore dicta only. We overrule Dickerson to the extent that Dickerson stands for that proposition. A prior felony conviction that is used to bring the appellant within the purview of § 13A-11-72 cannot also be used to enhance his sentence under the Habitual Felony Offender Act. Where an accused has several prior felony convictions, those convictions not employed to bring him under § 13A-11-72 may still be used to enhance his sentence pursuant to the Habitual Felony Offender Act.
For the foregoing reasons stated in parts I and II above, we reverse the appellant’s convictions for menacing and for possession of a pistol by a felon and remand this case to the Limestone Circuit Court for a new trial or other proceedings.
REVERSED AND REMANDED.
All the Judges concur, except BOWEN, J., who concurs in part and dissents in part, with opinion, and MONTIEL, J., who concurs in part and dissents in part, with opinion.