INGRAM, Justice.
The State of Alabama, on petition for writ of certiorari, asks this Court to review two issues: (1) whether the Court of Criminal Appeals erred in holding that the trial court committed reversible error when it compelled Charles Lee Gholston to stand trial in a prison uniform; and (2) whether this Court should overrule Wigley v. State, 456 So.2d 339 (Ala.Cr.App.1982), which the Court of Criminal Appeals relied on in holding that the same felony conviction for attempted murder could not be used both to prove that Gholston was a person convicted of a crime of violence in possession of a pistol and to enhance his sentence under the Habitual Felony Offender Act as a prior felony conviction.
FACTS
Gholston was convicted of (1) menacing, § 13A-6-23, Ala;Code 1975; and (2) unlawful possession of a pistol by a person previously convicted of a crime of violence, § 13A-ll-72(a), Ala.Code 1975. The charges were based upon incidents that occurred while Gholston was on a three-day pass from the Decatur Work Release Center, where he was serving a 25-year sentence for attempted murder. He received a 6-month sentence on the menacing charge and a 10-year sentence on the unlawful possession charge; the sentences were to run concurrently.
At the time of this trial, Gholston was an inmate with the Department of Corrections, serving his sentence for the attempted murder. Gholston appeared for trial in a prison jumpsuit. In a pretrial motion, he asked the trial court to allow him to change into civilian clothes. The trial court denied that motion.
During this trial the State offered proof of Gholston’s previous conviction for attempted murder as proof that he had been convicted of a crime of violence. Gholston was convicted under § 13A-6-23 and § 13A-ll-72(a). The trial court then enhanced his sentence under the Habitual Felony Offender Act, based on his prior conviction for attempted murder, which was his only prior felony conviction. Ghol-ston appealed. All judges on the Court of Criminal Appeals agreed that the trial court had committed reversible error when it compelled Gholston to appear at trial in prison clothes. The Court of Criminal Appeals, therefore, reversed Gholston’s conviction.
The majority opinion went further, to hold that the same felony conviction, for attempted murder, could not be used both to convict Gholston of unlawful possession of a pistol and also to enhance his sentence under the Habitual Felony Offender Act. Judges Bowen and Montiel dissented from that portion of the majority’s opinion. This Court granted the State’s petition for the writ of certiorari.
ISSUE I
The State argues that the facts of this case are such that the jurors would necessarily know from the evidence that Gholston was an inmate at the time of the trial. Therefore, the State argues that although Gholston was compelled to appear in prison clothing, he was not prejudiced because the evidence showed that Gholston was incarcerated. Rule 45, Ala.R.App.P., states that no judgment will be reversed unless “the error complained of has probably injuriously affected substantial rights.”
The Court of Criminal Appeals held:
“The state cannot compel a defendant to stand trial while dressed in prison clothes. Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). There, the Supreme Court stated that ‘the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes.... ’ 425 U.S. at 513 [96 S.Ct. at 1697], However, not every instance where a defendant stands trial in prison garb is a per se violation of the Fourteenth Amendment, because of the harmless error rule. This court, in interpreting Estelle v. Williams, has ruled in several cases that the defendant is not prejudiced by wearing prison clothing at trial where the evidence would necessarily and unavoidably inform the jury of the defendant’s *721 status as an inmate. George v. State, 423 So.2d 335 (Ala.Cr.App.1982); Jacques v. State, 409 So.2d 876 (Ala.Cr.App.1981), aff’d 409 So.2d 885 (Ala.1982)....
[[Image here]]
“The defendant in Jacques v. State, was being tried for escape from pris-on_ [T]he nature of the offense necessitates that the jury be informed of the defendant’s status as an inmate. In affirming Jacques’s conviction we wrote:
“ ‘The defendant was not prejudiced by any failure on the part of the State to provide him with other clothes. In saying this, we do not recommend that even in such a case a convict should not be dressed with appropriate clothes throughout his trial, clothing distinctly different from his prison clothes.’
“409 So.2d at 880. (Emphasis added.)
“In the case at hand, the appellant was not being tried for an offense which necessitated that the jury be informed that he was presently an inmate. There is a danger that the jury will convict, upon general principles, an inmate. The presumption of innocence is in danger of ‘going out the window’ in such a circumstance. Therefore, his constitutional rights were infringed when the jury was allowed to see him in prison clothing.”
Gholston v. State, 620 So.2d 715, 716 (Ala.Cr.App.1992).
We adopt the holding of the Court of Criminal Appeals as to this issue and hold that Gholston is entitled to a new trial.
ISSUE II
We now turn to Issue II. We must determine whether the Court of Criminal Appeals correctly held that Gholston’s previous conviction for attempted murder could not be used as an element of the crime charged, i.e., the crime of being a person convicted of a crime of violence in possession of a firearm, § 13A-ll-72(a), Ala.Code 1975 (hereinafter that crime will be referred to as “unlawful possession”), and for the purpose of enhancement under the Habitual Felony Offender Act, § 13A-5-9. A violation of § 13A-ll-72(a) is punishable by imprisonment for not more than five years. See § 13A-ll-84(a). The Court of Criminal Appeals, in Nunnery v. State, 410 So.2d 444, 448 (Ala.Cr.App.1981), held that unlawful possession of a pistol by a person convicted of a crime of violence is a felony. The Habitual Felony Offender Act applies in all cases where the criminal defendant has a prior felony conviction. See § 13A-5-9(a). Because this issue concerns a question regarding the sentence Gholston will receive if convicted on retrial, and because this issue is likely to arise on retrial, it seems appropriate for this Court to address whether the Court of Criminal Appeals correctly decided this issue even though we have now, in dealing with Issue I, affirmed the judgment reversing Ghol-ston’s conviction.
Our resolution of this issue requires interpretation of several sections of the Alabama Criminal Code. The fundamental rule to be applied in construing any statute is that this Court has a duty to ascertain and effectuate the legislative intent as expressed in the statute. This intent may be discerned from the language used, the reason and necessity for the act, and the goal sought to be obtained. Ex parte Holladay, 466 So.2d 956 (Ala.1985). Section 13A-1-6, Ala.Code 1975, provides, “All provisions of this title shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law, including the purposes stated in section 13A-1-3.” The “purposes stated in section 13A-1-3” include:
“(1) To proscribe conduct that unjustifiably and inexcusably causes or threatens substantial harm to individual and/or public interests;
“(2) To give fair warning of the nature of the conduct proscribed and of the punishment authorized upon conviction;
“(3) To define the act or omission and the accompanying mental state that constitute each offense;
“(4) To differentiate on reasonable grounds between serious and minor offenses and to prescribe proportionate penalties for each;
*722 “(5) To insure the public safety by preventing the commission of offenses through the deterrent influence of the sentences authorized, the rehabilitation of those convicted and their confinement when required in the interests of public protection; and
“(6) To prevent arbitrary or oppressive treatment of persons accused or convicted of offenses.”
In addition to these statutorily defined purposes, the Court of Criminal Appeals has held that the purpose of the prohibition against unlawful possession, § 13A-11-72, is “to protect the citizens of this State from the actions of that class of persons, who by their past acts, have shown themselves unsuitable and unfit to own and possess pistols.” Mason v. State, 39 Ala.App. 1, 5, 103 So.2d 337, 341 (1956), aff'd, 267 Ala. 507, 103 So.2d 341 (1958), cert. denied, 358 U.S. 934, 79 S.Ct. 323, 3 L.Ed.2d 306 (1959). The purpose of the Habitual Felony Offender Act, § 13A-5-9, is “ ‘to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time.' ” Lidge v. State, 419 So.2d 610, 614 (Ala.Cr.App.) (quoting Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)), cert. denied, 419 So.2d 616 (Ala.1982). Cognizant of these guidelines for interpreting statutes, we turn to the specific question on appeal: whether the legislative intent behind § 13A-5-9, § 13A-ll-72(a), and § 13A-11-84(a) was that a single felony conviction not be used both to prove a necessary element of the offense of unlawful possession of a pistol by a person convicted of a crime of violence and to enhance that sentence upon conviction.
The opinion of the majority of the Court of Criminal Appeals, following Wigley v. State, 456 So.2d 339 (Ala.Cr.App.1982), held that Gholston’s conviction for unlawful possession could not be enhanced under the Habitual Felony Offender Act because his only prior felony conviction, for attempted murder, was a necessary element, a prior conviction for a crime of violence, of the present charge. Wigley held:
“In instances when there is only one prior conviction, and that conviction is a necessary element or ingredient of the currently charged offense, such prior conviction is not available and may not again be used to enhance the punishment under the Habitual Felony Offender[] Act.”
Wigley, 456 So.2d at 341.
Judges Bowen and Montiel each filed an opinion dissenting from the majority’s holding as to this issue. Judge Montiel wrote:
“In the opinion, the majority states that '[a] prior felony conviction that is used to bring the appellant within the purview of § 13A-11-72 [unlawful possession of a pistol by a person who has previously been convicted of a crime of violence] cannot also be used to enhance his sentence under the Habitual Felony Offender Act.’ The majority opinion relies on Wigley v. State, 456 So.2d 339 (Ala.Crim.App.1982), for this holding. The rationale behind Wigley is that since the legislature enacted § 13A-11-84, Code of Alabama 1975, which prescribes the sentence for the violation of § 13A-11-72, it did not intend the Habitual Felony Offender Act to apply to convictions obtained under § 13A-11-72. In Wigley this court stated:
“ ‘In instances when there is only one prior conviction, and that conviction is a necessary element or ingredient of the currently charged offense, such prior conviction is not available and may not again be used to enhance the punishment under the Habitual Felony Offender[ ] Act. To hold otherwise would nullify the punishment provision of the currently charged offense as contained in § 13A-ll-84(a), Ala. Code 1975, because the prior conviction would always activate the Habitual Felony Offender[] Act; we do not believe that the legislature intended that result.’
“Wigley, 456 So.2d at 341 (emphasis added). This last statement is incorrect. *723 Section 13A-ll-72(a), Code of Alabama 1975, provides that ‘no person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control.’ ‘Crime of violence’ is defined as ‘[a]ny of the following crimes or an attempt to commit any of them, namely murder, manslaughter (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny.’
“If the underlying conviction for a crime of violence was theft [1] in the third degree or assault in the third degree, the Habitual Felony Offender Act would not be activated since these two offenses are Class A misdemeanors and the defendant would have to be sentenced under § 13A-ll-84(a). Likewise, if the underlying conviction was for attempted burglary in the third degree, attempted robbery in the third degree, attempted assault in the second or third degree, attempted rape in the second degree, attempted theft in the second or third degree, then the defendant could not be sentenced as a habitual offender because all of these offenses are misdemeanors. Therefore, the punishment provision of § 13A-ll-84(a) would not be nullified by allowing the conviction for a crime of violence that was an essential element of the offense charged in § 13A-ll-72(a) to also be used for enhancement. I believe that the legislature intended this offense to be covered by the Habitual Felony Offender Act. Thus, if a person who has previously been convicted of a crime of violence is found to be in possession of a pistol, that person can be sentenced to no more than five years in prison if that previous conviction was for a misdemean- or. However, if the previous conviction for a crime of violence was a felony, the person would be subject to the sentencing provisions of the Habitual Felony Offender Act just like any other person who has a previous felony conviction.”
Gholston, 620 So.2d at 718 (Montiel, J., dissenting in part).
Judge Bowen, dissenting in a separate opinion, agreed with Judge Montiel and stated:
“The reasoning in Wigley ... is erroneous because, for purposes of the crime involving the possession of a pistol by a person who has been convicted of a crime of violence, ... a ‘crime of violence’ ... may include a misdemeanor which would not trigger the application of the Habitual Felony Offender Act.
“The issue in this case involves a question of legislative intent and not jeopardy.... Consideration of the same felony to convict a defendant of possession of a firearm by a convicted felon and to enhance his punishment is neither a double prosecution nor a double punishment and does not implicate the double jeopardy clause. United States v. Wallace, 889 F.2d 580, 584 (5th Cir.1989), cert. denied, 497 U.S. 1006, 110 S.Ct. 3243 [111 L.Ed.2d 753] (1990). See also United States v. Ainsworth, 932 F.2d 358, 363 (5th Cir.), cert. denied, — U.S. -, 112 S.Ct. 346, 116 L.Ed.2d 286 (1991).”
Gholston, 620 So.2d at 717 (Bowen, J., dissenting in part).
The separate dissenting-in-part opinions of Judges Bowen and Montiel recognize that the logical conclusion regarding legislative intent, which was the basis of the decision in Wigley, is based upon a false premise — the premise that “the prior conviction [used to prove the charge of unlawful possession] would always activate the Habitual Felony Offender[ ] Act.” Wigley, 456 So.2d at 341 (emphasis added). The dissenting opinions point out that “crime of violence” is not synonymous with “felony,” and, therefore, contrary to the assertion in Wigley, there may be situations where a criminal defendant is convicted of unlawful *724 possession and, yet, is not subject to the Habitual Felony Offender Act, which would compel an enhanced sentence. As discussed above, “crime of violence” is defined as “[a]ny of the following crimes or an attempt to commit any of them, namely [1] murder, [2] manslaughter (except manslaughter arising out of the operation of a vehicle), [3] rape, [4] mayhem, [5] assault with intent to rob, [6] assault with intent to ravish, [7] assault with intent to murder, [8] robbery, [9] burglary, [10] kidnapping and [11] larceny.” § 13A-ll-70(2), Ala. Code 1975.
For example, a person with a prior conviction for burglary in the third degree, a Class C felony, § 13A-7-7(b), found in possession of a pistol, may be convicted of unlawful possession under § 13A-ll-72(a), because burglary is a “crime of violence.” The Habitual Felony Offender Act would apply because unlawful possession is a felony, see Nunnery, 410 So.2d at 448, and the prior conviction for burglary in the third degree is a prior “felony” conviction. Under this example, the criminal defendant, with only one prior conviction — burglary in the third degree — would receive an enhanced sentence as a habitual felony offender upon conviction for unlawful possession.
Also, because the definition of “crime of violence” includes “attempts” to commit the enumerated crimes, a person with a prior conviction for attempted burglary in the third degree found in possession of a pistol may also be convicted of unlawful possession. Attempted burglary in the third degree is a Class A misdemeanor. See § 13A-4-2(d)(4) (if the offense attempted is a Class C felony, the attempt is a Class A misdemeanor). Because the prior conviction for a “crime of violence” is not a felony conviction, in this example, the defendant convicted of unlawful possession with only that one prior .conviction — attempted burglary in the third degree— would not receive an enhanced sentence as a habitual felony offender. That defendant would receive the sentence outlined in § 13A-11-84.
Therefore, the premise in Wigley — that “the prior conviction [used to prove the charge of unlawful possession] would always activate the Habitual Felony Offender[ ] Act,” Wigley, 456 So.2d at 341—is false. If this false premise is discarded, then the logic of the Wigley conclusion, that the legislature did not “intend” the same conviction to be used both as a substantive element of the offense and for enhancement purposes, is no longer supportable. Therefore, we overrule Wigley.
Construing the statutes at issue in pari materia, we conclude that the intent of the legislature, as shown by the plain language of the statutes, is that the sentence for a conviction for unlawful possession of a pistol under § 13A-ll-72(a) can be enhanced by the Habitual Felony Offender Act when the prior conviction for a “crime of violence” is also a prior “felony” conviction. The Court of Criminal Appeals, in Nunnery v. State, 410 So.2d 444, 448 (Ala.Cr.App.1981), held that unlawful possession of a pistol by a person convicted of a crime of violence is a felony and that the Habitual Felony Offender Act applies to such a conviction. The Habitual Felony Offender Act is mandatory and must be applied whenever a repeat offender with a prior felony conviction is convicted of another felony. See, e.g., § 13A-5-9(a), Ala.Code 1975 (“In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows: ...” (emphasis added)); see also Watson v. State, 392 So.2d 1274 (Ala.Cr.App.1980), cert, denied, 392 So.2d 1280 (Ala.1981). Because a violation of § 13A-ll-72(a) is a felony, and the Habitual Felony Offender Act, § 13A-5-9, requires that every sentence for a felony conviction be enhanced when the defendant has a previous felony conviction, we hold that the apparent legislative intent is that the sentence upon conviction for unlawful possession of a firearm by a person convicted of a crime of violence is to be enhanced by the Habitual Felony Offender Act if the prior conviction was a felony conviction, and we hold that the same prior conviction may be used to prove the prior conviction *725 for a crime of violence and to enhance the sentence under the Habitual Felony Offender Act.[2]
Gholston had a prior felony conviction for attempted murder. Attempted murder is specifically listed as a “crime of violence,” see § 13A-ll-70(2), and is a Class A felony, see § 13A-4-2(d)(l). Therefore, if Gholston is convicted after a new trial, he will be sentenced as a habitual felony offender.
The Court of Criminal Appeals erred as to Issue II; as to that issue, Judges Bowen and Montiel, in their dissenting opinions, correctly stated the law. We nevertheless must affirm the judgment of the Court of Criminal Appeals reversing Gholston’s conviction and remanding for a new trial, based upon our resolution of Issue I.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
KENNEDY, J., concurs in the result.

. When the model code was enacted, larceny became a form of theft. Therefore, convictions for "theft" may be considered crimes of violence if the particular conviction for theft is tantamount to a conviction for larceny. See Ex parte Johnson, 620 So.2d 709 (Ala.1992).

. We note that Gholston compares enhancement of a sentence for an unlawful possession conviction with the enhancement upon conviction for escape in the first degree. However, we note that in order to prove escape in the first degree, the State must prove a felony conviction. In Ringer v. State, 501 So.2d 493, 494 (Ala.Cr.App.1986), the Court of Criminal Appeals noted:
“Conviction of a felony is a necessary ingredient for the conviction of a person under § 13A-10-31(a)(2) [escape in the first degree]. The legislature has clearly directed that this offense be punished as a class B felony. To adopt the interpretation suggested by the state would be always to punish this offense as a class A felony. Our analysis, therefore, tells us that this result is not the one intended by the legislature and that the felony conviction made an element of a conviction of § 13A-10-31(a)(2), cannot lawfully be again used to enhance punishment for a conviction under that subsection.”
Id. at 494 (emphasis added). Because every conviction for escape in the first degree necessarily requires proof of a prior felony conviction, the Ringer holding is distinguishable from our holding in this case.