ROBERTSON, Presiding Judge.
This case involves the interpretation and application of § 32-13-6(c) and § 12-19-76, Ala.Code 1975.
Ellis Wrecker Service, Inc., individually and on behalf of the Alabama Towing and Recovery Association, Inc. (“Ellis Wrecker”), sought a declaratory judgment against Polly Conradi, the clerk of the Jefferson County Circuit Court, Civil Division. Ellis Wrecker requested the trial court to declare that the $35.00 fee, required by Act No. 564, Regular Session, Ala. Acts 1976, for the filing of a report of the sale of an abandoned motor vehicle, is not required when the remaining proceeds from the sale are insufficient to pay that fee. Following an ore tenus proceeding, the trial court entered a judgment declaring that “when a report of [the] sale of an abandoned [motor] vehicle is filed with the Circuit Clerk, ... the law is that the Circuit Clerk must collect a $35.00 fee regardless [of] whether the proceeds or net proceeds are sufficient to pay same.” After the denial of its post-judgment motion, Ellis Wrecker appealed.
The sole issue before this court is whether the trial court erred in its interpretation and application of § 32-13-6(c) and § 12-19-76, Ala.Code 1975, by holding that the circuit clerk must collect a $35.00 fee when a report of the sale of an abandoned motor vehicle is filed, regardless of the amount of the net proceeds.
The legislative history regarding abandoned motor vehicles reflects that Act No. 1154, Regular Session, Ala. Acts 1971, was enacted by the legislature to provide a method for the sale of abandoned motor vehicles and for the distribution of the proceeds of the sale. In accordance with the 1971 act, § 32-13-6 was codified to provide, in pertinent part:
“(a) The person making the sale shall deduct from the proceeds of such sale the reasonable cost of repair, towing and storage and all expenses incurred in connection with such sale, and pay the balance remaining to the register of the circuit *209 court of the county in which such sale is made....
“(b) The person making such sale shall promptly file with the register or clerk of the circuit court of the county in which such sale is made a report of the sale....”
Under the above 1971 act, there was no provision made for a fee to be paid to or collected by the circuit clerk when the report of the sale was filed, or for a fee to be deducted from the funds paid with such report.
However, by enacting Act No. 564 in 1976 the legislature amended the uniform fee system to mandate the collection and payment of fees for filing reports of the sales of abandoned automobiles; that act specifically provided, in pertinent part:
“The following fees shall be collected in civil eases in circuit court and district court:
[[Image here]]
“(e) Thirty-five dollars fee for report of sales of abandoned automobiles, to be paid to and collected by the Circuit Court as prescribed in Act No. 1154 ... of the Regular Session of 1971.... ”
In accordance with the 1976 act, § 12-19-76 was codified to provide the following:
“There shall be a fee of $35.00 for filing a report of the sale of an abandoned motor vehicle, such fee to be paid to and collected by the circuit court as prescribed in Chapter 13 of Title 32 of this code.”
Also, § 32-13-6(c) was created and added by the code commissioner after the passage of the 1976 act. See code commissioner’s note. Section 32-13-6(c) states:
“The clerk or register of the circuit court receiving the report of sale shall deduct from the funds paid with such report a fee of $35.00 in accordance with section 12-19-76.”
There was nothing in the 1976 act to provide for the clerk or register to deduct the $35.00 fee from any funds that may be paid over to the register or clerk at the time the report is filed.
Ellis Wrecker argues that the language in § 32-13-6(c) should be interpreted to mean that if there are no funds left above the allowable deductions from which to pay the $35.00 fee, the circuit clerk should be required to accept the report without payment of the fee. This argument is based solely on the language in § 32-13-6(c), which was codified by the code commissioner without any legislative support from either 1971 Act No. 1154 or 1976 Act No. 564.
When a doubt or ambiguity results from codifying a statute or statutes, the courts will refer to the original enactment or enactments, and give effect to the statutory provisions as originally framed by the legislature. Miller v. State, 249 Ala. 14, 29 So.2d 411 (1947). The cardinal rule in this respect is to determine and give effect to the intent of the legislature as manifested in the language of the original act. Id.; Gholston v. State, 620 So.2d 719 (Ala.1993).
The 1976 Act, No. 564, states that there shall be a fee of $35.00 to be paid to and collected by the circuit court as prescribed in 1971 Act No. 115k Act No. 1154 and Act No. 564 are in pari materia and must be construed together to ascertain the intent of the legislature. See Locke v. Wheat, 350 So.2d 451 (Ala.1977).
The use of the term “shall” in Act No. 564 makes the $35.00 fee mandatory unless otherwise “prescribed in [1971] Act No. 1154.” De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985). As previously noted, there is no language whatsoever in Act No. 1154 regarding the fee. The “as prescribed” language in Act No. 1154 simply states that the person making the sale shall file the report of the sale with the register or clerk of the circuit court of the county in which the sale was made. Construing the plain language in Act No. 1154 in pari materia with the plain language in Act No. 564, we think it is clear that the person filing the report shall pay and the circuit clerk of the county in which the sale was made shall collect the $35.00 fee.
Absent a clearly expressed legislative intent to the contrary, the language of the act is conclusive, and the court is bound to interpret that language to mean exactly what it says. See IMED Corp. v. Systems Engi *210 neering Associates Corp., 602 So.2d 344 (Ala.1992). There being no clearly expressed legislative intent to the contrary, we conclude, by interpreting the plain language of the two acts as originally framed, that it was the intent of the legislature that the circuit clerk must collect the $35.00 fee for filing a report of the sale of an abandoned motor vehicle, regardless of the amount of the net proceeds of the sale.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.