The United States Court of Appeals for the Eleventh Circuit has certified the following question to this Court pursuant to Rule 18, Ala. R.App. P.: "What is the applicable limitations period for a claim brought under the [Alabama Age Discrimination in Employment Act, Ala. Code 1975, § 25-1-20 through § 25-1-29]?" SeeJones v. Dillard's, Inc., 331 F.3d 1259, 1269 (11th Cir. 2003). This Court accepted the certified question and now answers the question.
The facts of this case are stated in the Court of Appeals' opinion certifying the question:
 "Plaintiff-Appellant Gerda Byrd began working for Gayfer's Department Store in Tuscaloosa, Alabama, in 1975. In August 1998, Dillard's, Inc. (`Dillard's' or the `Company'), purchased the Tuscaloosa store, but continued to employ its existing workforce. For the five years preceding the buyout, Byrd held the position of office and credit manager. Dillard's offered no such position within its organizational structure, but placed her in an assistant area sales manager (`AASM') position in order to keep her at the same rate of pay. Shortly thereafter, however, Byrd learned from Richard Lucas, also an AASM, that the store was eliminating AASM positions and that the store had no intention of ever employing AASMs again.
 "In May 1999, as part of its restructuring, Dillard's offered Byrd an opportunity to sell cosmetics on the sales floor. She declined, however, because she saw lagging store sales as a bad sign for commissions in that department. Moreover, Byrd feared that she would eventually be terminated for failing to reach sales-per-hour (`SPH') goals. Rather than risk termination, Byrd considered her other options. As a manager with her position being eliminated, she was entitled to fill another managerial position in the store or take severance pay. She opted for the latter. Dillard's approved her severance request in May 1999, and she left in the same month. In all, Byrd received forty-seven weeks of severance pay.
 "On June 8, 1999, Byrd spoke to Andy Poole, operations manager at Dillard's, who told her that the company instructed him to hire two new AASMs. (Byrd *Page 344 
Dep. Tr. at 55, Ex. 2 at 5 (D.Ct.Doc. No. 15).) Byrd recorded her reaction to this news in some typewritten notes:
 "`This happens after I was told [that] the store could not afford any AASM s . . . because they were not making their figures. Seems to me [that] I was lied to!!! As soon as I find out there are two new AASM[s] in place[,] I will file a lawsuit against Dillard[']s. This lawsuit will be for [a]ge discrimination and [w]age discrimination. Seems to me [that] they wanted to get rid of me . . . by demoting me to the floor, and[,] after several paycuts 
because I could not meet my SPH[,] fire me.'
"(Byrd Dep. Tr. at 45, Ex. 2 at 5.)
 "In September 1999, Tiffany Winters applied for an AASM position at the Tuscaloosa store, and was hired a month later. Byrd testified that she heard Poole say that Winters was `young and pretty,' and that he `had to hire her.' (Byrd Dep. Tr. at 67, 70.)
 "At the time Byrd left the company, she was only aware of poor sales as the Company's reason for eliminating the AASM position. She admitted having no evidence that the store manager knew at the time that the position would be reinstated later that year. Byrd testified that, despite the lack of evidence, she felt certain someone in the company knew her former position was not really eliminated because Winters was hired in that position so soon after she left.
". . . .
 "Byrd filed her administrative charge with the Equal Employment Opportunity Commission (`EEOC') on February 24, 2000. In December 2000, Byrd and the other plaintiffs filed a complaint in federal court, alleging claims under the federal Age Discrimination in Employment Act (`ADEA'), the Alabama Age Discrimination in Employment Act (`AADEA'), and an Alabama fraud statute.
 "Dillard's filed a motion for summary judgment as to the claims of Byrd and the other plaintiffs. The Company argued that Byrd's claim was time-barred because Byrd failed to file her EEOC charge within 180 days of any alleged act of discrimination. Dillard's argued that her state discrimination claim was also time-barred because the AADEA simply adopted the ADEA's limitations period. Alternatively, it argued that Byrd had no direct or circumstantial evidence of age discrimination, which required judgment in its favor on the merits. With respect to Byrd's fraud claim, Dillard's argued in its motion that no evidence showed it made a false representation to her, but that only another store employee indicated that the AASM position was being permanently eliminated. Further, she did not actually rely on any such statements, that any reliance was unreasonable, that she had no evidence of an intent to deceive, and that she did not suffer cognizable damages.
 "The district court granted the Company's motion for summary judgment as to all of Byrd's claims. It found that Byrd had reason to believe she had suffered age discrimination before the 180 days preceding her EEOC charge. Specifically, the district court found that her pre-resignation discussions with co-workers and her June 8, 1999, discovery of the reinstatement of the AASM position were sufficient to start the running of the statute of limitations. In addition, the court found that the AADEA's statute of limitations was, at most, 180 days because the language of the statute mirrored that of the ADEA. Thus, the court held that Byrd's AADEA claim *Page 345 
was also time-barred. Finally, the district court found that there was no evidence the Company's allegedly false statement caused her any injury. Instead, the court found that Byrd resigned because she was being transferred to cosmetics and did not want to work in that department, not because of the elimination of the AASM position.
 "The court also denied Byrd's motion to alter or amend its judgment. (Order dated June 25, 2002, at 3 (D.Ct.Doc. No. 31).)"
331 F.3d at 1261-63.
Byrd appealed to the Court of Appeals for the Eleventh Circuit. That Court reversed the district court's determination that Byrd's claim under the federal Age Discrimination in Employment Act ("the ADEA") was time-barred. Jones, supra. Specifically, the Court of Appeals held that the 180-day limitations period for filing a charge with the Equal Employment Opportunity Commission ("the EEOC") was subject, under federal law, to "equitable tolling" because Byrd did not have sufficient knowledge of Dillard's alleged discriminatory action to file a claim within the 180-day time limit. Regarding Byrd's claim under the Alabama Age Discrimination in Employment Act ("the AADEA"), the Court stated:
 "On its face, the AADEA provides that it has the same statute of limitations as the ADEA. The ADEA, however, has two such limiting periods: 180 days and 90 days. Under the ADEA, a plaintiff has 180 days from the occurrence of the allegedly unlawful practice to file a charge of age discrimination with the EEOC. Once a plaintiff has received notice that the EEOC has dismissed the charge, she has 90 days to file her suit. 29 U.S.C. § 626(d)(1) and (e). Thus, the ADEA's statutes of limitations are intertwined with its administrative requirements.
 "Because of how the limitations operate in the ADEA, it is difficult, if not impossible, to transfer them to the AADEA."
Jones, 331 F.3d at 1269.
The AADEA provides, in part:
 "Any employment practice authorized by the federal Age Discrimination in Employment Act shall also be authorized by this article and the remedies, defenses, and statutes of limitations, under this article shall be the same as those authorized by the federal Age Discrimination in Employment Act except that a plaintiff shall not be required to pursue any administrative action or remedy prior to filing suit under this article."
Ala. Code 1975, § 25-1-29.
In construing any statute, it is the duty of this Court to ascertain and effectuate the Legislature's intent as expressed in the statute. Water Works Sewer Bd. of Selma v. Randolph,833 So.2d 604, 607 (Ala. 2002); Gholston v. State, 620 So.2d 719,721 (Ala. 1993). The plain language of the AADEA reveals that the Legislature expressly adopted and incorporated the "statutes of limitations" applicable to claims brought under the ADEA. Ala. Code 1975, § 25-1-29. The use of the plural "statutes of limitations" should be given meaning.
Section 25-1-29 was drafted in face of two distinct deadlines in the ADEA, and it can be interpreted to give a logical field of operation to both deadlines. Specifically, the AADEA recognizes that an aggrieved person can file an action without being required to pursue an administrative remedy before filing the action. First, it failed to create an administrative agency to deal with claims made pursuant to the AADEA. Second, the AADEA expressly recognizes *Page 346 
that an action may be filed in a state court before one is filed in the federal court. See § 25-1-29 ("However, if an action is brought in the federal court, any action pending in the state court shall be simultaneously dismissed with prejudice."). Presumably, the Legislature contemplated that a plaintiff might file a claim in a state court under the AADEA before a claim in the federal court is ripe, as to which the right to sue under the ADEA is suspended pending review of the claim by the EEOC. Third, the AADEA states that "a plaintiff shall not be required to pursue any administrative action or remedy prior to filing suit under this article."
The express provisions in § 25-1-29, recognizing that exhaustion of an administrative remedy was not applicable in AADEA cases, coupled with the reference to "statutes of limitations," indicate that the Legislature intended that both the 180-day deadline and the 90-day deadline should be given a field of operation. Thus, we hold that the § 25-1-29 incorporates the statutes of limitations of the ADEA as follows:
(1) If a plaintiff files an AADEA claim in a state court within 180 days from the occurrence of the alleged unlawful practice, the applicable limitations period for filing a charge with the EEOC, then that plaintiff's claim is timely.
(2) If a plaintiff files a charge with the EEOC within 180 days from the occurrence of the alleged unlawful practice and thereafter receives notice that the EEOC has dismissed the charge, then that plaintiff's AADEA claim filed in the state court within 90 days after the EEOC's notice of dismissal of the charge is timely.
The implications of this construction on the case made the basis of the certified question are not before us.
QUESTION ANSWERED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.