[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 28, 2004
THOMAS K. KAHN
CLERK

_____

No. 02-14145
_____

D. C. Docket Nos. 00-3646 CV-N-W
& 00-03647-CV-N-W

PAMELA SUE JONES,

Plaintiff,

versus

DILLARD'S, INC.,

Defendant.

SARAH CROCKER, LANA
HOUSE, JAMES THOMPSON,
DEBORAH T. GIBBONS,

Plaintiffs,

GERDA BYRD,

Plaintiff-Appellant,

versus

DILLARD'S, INC.,

Defendant-Appellee.

—————————————————

Appeal from the United States District Court
for the Northern District of Alabama

—————————————————

**(April 28, 2004)**

Before DUBINA and FAY, Circuit Judges, and DOWD[*], District Judge.

PER CURIAM:

This appeal from the Northern District of Alabama involved claims by the plaintiff-appellant, Gerda Byrd, grounded in the federal Age Discrimination in Employment Act (ADEA), the Alabama Age Discrimination in Employment Act (AADEA), and Alabama common law fraud. The district court had granted defendant-appellee's motion for summary judgment as to all defendants on all claims and Byrd appealed.

On May 30, 2003, this Court affirmed the district court's dismissal of the fraud claim, but reversed the district court on the ADEA claim. *Jones v. Dillard's, Inc.*, 331 F.3d 1259 (11th Cir. 2003). We held that equitable tolling applied, with the result being that the 180-day limitations period for filing a charge of discrimination did not begin to run until Byrd learned that she had been replaced

—————————————————

[*] Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

2

by a younger employee, notwithstanding her earlier suspicion of age discrimination. *Id*. at 1266. We, therefore, concluded that Byrd's EEOC charge was timely filed. We also certified a question to the Alabama Supreme Court, *id*. at 1269, and expressly delayed remand until that court had a chance "to define the applicable limitations period to Byrd's claim under the AADEA." *Id*. at 1270.

On April 2, 2004, the Alabama Supreme Court answered the following question: " 'What is the applicable limitations period for a claim brought under the [Alabama Age Discrimination in Employment Act, Ala. Code 1975, § 25-1-20 through § 25-1-29]?' " *Byrd v. Dillard's, Inc.*, No. 1021439, slip op. at 1 (Ala. Apr. 2, 2004) (per curiam) (quoting *Jones v. Dillard's, Inc.*, 331 F.3d at 1269). That court stated:

> [W]e hold that the § 25-1-29 incorporates the statutes of limitations of the ADEA as follows:
>
> (1) If a plaintiff files an AADEA claim in a state court within 180 days from the occurrence of the alleged unlawful practice, the applicable limitations period for filing a charge with the EEOC, then that plaintiff's claim is timely.
>
> (2) If a plaintiff files a charge with the EEOC within 180 days from the occurrence of the alleged unlawful practice and thereafter receives notice that the EEOC has dismissed the charge, then that plaintiff's AADEA claim filed in the state court within 90 days

> after the EEOC's notice of dismissal of the charge is timely.

*Byrd v. Dillard's, Inc.*, slip op. at 8.[1]

Accordingly, we vacate the entry of summary judgment to Dillard's on the ADEA claim and the AADEA claim and we affirm the judgment with respect to the fraud claim. We remand for further proceedings consistent with this opinion and the opinion of May 30, 2003.

AFFIRMED IN PART, REVERSED AND VACATED IN PART.

---

[1] The opinion of the Alabama Supreme Court is attached hereto as Appendix A.