MURDOCK, Judge.
Richard Hedegard appeals from a summary judgment entered by the Mobile Circuit Court in favor of BE&K[1] in his action *316 against it for alleged discrimination in violation of the Alabama Age Discrimination in Employment Act, Ala.Code 1975, §§ 25-1-20 to -29 (“the AADEA”). We affirm.
On September 13, 2001, BE&K terminated Hedegard’s employment. On January 31, 2002, Hedegard filed a charge of discrimination with the federal Equal Employment Opportunity Commission (“the EEOC”) in which he alleged that BE&K’s termination of his employment constituted age discrimination in violation of the federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (“the ADEA”). On May 22, 2002, the EEOC dismissed the ADEA charge that Hedegard had filed, issuing what is commonly known as a “right-to-sue” letter.
On March 5, 2003, Hedegard filed a complaint against BE&K in the Mobile Circuit Court, asserting that BE&K’s termination of his employment constituted unlawful discrimination in violation of the AADEA.
On October 23, 2003, BE&K filed a motion to dismiss in the Mobile Circuit Court in which it argued that Hedegard’s complaint was barred by the statute of limitations. BE&K also filed a motion to stay discovery pending the issuance of an answer by our Supreme Court to a question that had been certified to it by the United States Court of Appeals for the Eleventh Circuit. That question pertained to the limitation period applicable to claims filed under the AADEA. The trial court granted the motion to stay on December 12, 2003.
On April 2, 2004, the Supreme Court answered the certified question. On the basis of the Supreme Court’s answer to that question, BE&K filed a supplemental motion to dismiss in which it alternatively moved the court to enter a summary judgment. The trial court entered a summary judgment in BE&K’s favor on May 21, 2004. Hedegard filed a motion to alter, amend, or vacate the judgment, which the trial court denied. Hedegard appeals.
Hedegard contends that the trial court erroneously entered the summary judgment because it applied the wrong limitations period. Hedegard argues that the two-year limitations period of Ala.Code 1975, § 6-2-38(0,[2] applies to the present case and that, as a result, he filed his complaint in a timely manner.
We review the entry of a summary judgment de novo, without any presumption that the trial court’s judgment was correct. Dellocono v. Thomas Hosp., 894 So.2d 694, 695 (Ala.Civ.App.2004). “In reviewing the disposition of a motion for summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue of material fact” and whether, as a matter of law, the movant was entitled to a judgment. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); and Rule 56(c), Ala. R. Civ. P.
The AADEA includes the following provision relating to the limitations period applicable to claims brought under that act, which reads in pertinent part:
“Any employment practice authorized by the federal Age Discrimination in Employment Act shall also be authorized by this article and the remedies, defenses, and statutes of limitations, under this *317 article shall be the same as those authorized by the federal Age Discrimination in Employment Act except that a plaintiff shall not be required to pursue any administrative action or remedy pri- or to filing suit under this article.”
Ala.Code 1975, § 25-1-29 (emphasis added).
On May 30, 2003, the United States Court of Appeals for the Eleventh Circuit, recognizing that, to that point, the only courts to have addressed the question of the appropriate limitations period for AADEA claims were three federal courts, the decisions of which were in conflict,[3] certified the following question to our Supreme Court: “What is the applicable limitations period for á claim brought under the AADEA?” See Jones v. Dillard’s, Inc., 331 F.3d 1259, 1268-69 (11th Cir. 2003).
On April 2, 2004, in an opinion styled Byrd v. Dillard’s, Inc., 892 So.2d 342 (Ala.2004), our Supreme Court answered the certified question. The Court began by quoting the Eleventh Circuit’s stated quandary regarding the incorporation of the ADEA’s statute of limitations into the AADEA:
“ ‘On its face, the AADEA provides that it has the same statute of limitations as the ADEA. The ADEA, however, has two such limiting periods: 180 days and 90 days. Under the ADEA, a plaintiff has 180 days from the occurrence of the allegedly unlawful practice to file a charge of age discrimination with the EEOC. Once a plaintiff has received notice that the EEOC has dismissed the charge, she has 90 days to file her suit. 29 U.S.C. § 626(d)(1) and (e). Thus, the ADEA’s statutes of limitations are intertwined with its administrative requirements.
“ ‘Because of how the limitations operate in the ADEA, it is difficult, if not impossible, to transfer them to the AADEA.’ ”
Byrd, 892 So.2d at 345 (quoting Jones, 331 F.3d at 1269). Noting the pertinent portion of § 25-1-29, the Court wrote:
“In construing any statute, it is the duty of this Court to ascertain and effectuate the Legislature’s intent as expressed in the statute. Water Works & Sewer Bd. of Selma v. Randolph, 833 So.2d 604, 607 (Ala.2002); Gholston v. State, 620 So.2d 719, 721 (Ala.1993). The plain language of the AADEA reveals that the Legislature expressly adopted and incorporated the ‘statutes of limitations’ applicable to claims brought under the ADEA. Ala.Code 1975, § 25-1-29. The use of the plural ‘statutes of limitations’ should be given meaning.
“Section 25-1-29 was drafted in face of two distinct deadlines in the ADEA, and it can be interpreted to give a logical field of operation to both deadlines. Specifically, the AADEA recognizes that an aggrieved person can file an action without being required to pursue an administrative remedy before filing the action. First, it failed to create an administrative agency to deal with claims made pursuant to the AADEA. Second, *318 the AADEA expressly recognizes that an action may be filed in a state court before one is filed in the federal court. See § 25-1-29 (‘However, if an action is brought in the federal court, any action pending in the state court shall be simultaneously dismissed with prejudice.’). Presumably, the Legislature contemplated that a plaintiff might file a claim in a state court under the AADEA before a claim in the federal court is ripe, as to which the right to sue under the ADEA is suspended pending review of the claim by the EEOC. Third, the AADEA states that ‘a plaintiff shall not be required to pursue any administrative action or remedy prior to filing suit under this article.’
“The express provisions in § 25-1-29, recognizing that exhaustion of an administrative remedy was not applicable in AADEA cases, coupled with the reference to ‘statutes of limitations,’ indicate that the Legislature intended that both the 180-day deadline and the 90-day deadline should be given a field of operation. Thus, we hold that § 25-1-29 incorporates the statutes of limitations of the ADEA as follows:

“(1) If a plaintiff files an AADEA claim in a state court within 180 days from the occurrence of the alleged unlawful practice, the applicable limitations period for filing a charge with the EEOC, then that plaintiffs claim is timely.

“(2) If a plaintiff files a charge with the EEOC within 180 days from the occurrence of the alleged unlawful practice and thereafter receives notice that the EEOC has dismissed the charge, then that plaintiffs AADEA claim filed in the state court within 90 days after the EEOC’s notice of dismissal of the charge is timely.”

Byrd, 892 So.2d at 345-46 (emphasis added). In other words, the limitations period for claims under the AADEA is the greater of 180 days from the date of the allegedly discriminatory act or 90 days following receipt of a right-to-sue letter from the EEOC.
Hedegard argues that the 180-day and 90-day deadlines provided by the ADEA are not statutes of limitations and that, as a result, the AADEA does not incorporate any particular statute of limitations from the ADEA. Thus, he argues, this court should follow the federal district court’s opinion in Dooley v. AutoNation USA Corp., 218 F.Supp.2d 1270, 1276 (N.D.Ala.2002), in which that court held that the AADEA is silent with regard to the appropriate limitations period and that, therefore, the two-year statute of limitations of Ala.Code 1975, § 6-2-38(i), applies to AADEA claims.
Hedegard’s reliance on Dooley is misplaced. First, we are not bound by the decisions of federal district courts with regard to Alabama law. See Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165, 167 n. 2 (Ala.1991). Second, the opinion in Dooley was issued before our Supreme Court’s decision in Byrd, in which the Supreme Court clarified Alabama law with regard to the AADEA’s statute of limitations. The holding in Byrd directly conflicts with the federal court’s opinion in Dooley. The decision in Byrd controls. See generally Ex parte James, 836 So.2d 813, 834 (Ala.2002) (Houston, J., concurring specially) (“[T]he Supreme Court of Alabama is the final arbiter of Alabama law....”). Hedegard’s argument is therefore without merit.
Applying Byrd to the present case, He-degard was required to file his AADEA claim by August 20, 2002 (90 days after he received his right-to-sue letter from the EEOC) to comply with the applicable stat *319 ute of limitations. He did not file his complaint until March 5, 2003. Thus, the trial court properly entered the summary judgment in favor of BE&K.
AFFIRMED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.

. This court cannot determine from the record if BE&K is the complete name of this entity. In its answer and other documents filed on its behalf, it is referred to simply as "BE&K." The plaintiff sometimes refers to it as "BE&K, Inc.” or “BE&K Engineering.” In documents generated by the federal Equal Employment Opportunity Commission that *316 are attached as exhibits to pleadings in this case, it is referred to as "BE&K Engineering Company, Inc.” and "BE&K Engineering.”

. Section 6-2-38(1) provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.”

. Compare Jones v. Dillard’s, Inc., 331 F.3d 1259, 1262 (11th Cir.2003) (discussing trial court's holding that appellant’s claim under the AADEA was barred by limitations period that was, at most, 180 days), with Robinson v. Regions Fin. Corp., 242 F.Supp.2d 1070, 1076-77 (M.D.Ala.2003) (holding that the statute of limitations for an AADEA claim is the longer of (a) the time for filing a federal ADEA claim, or (b) 450 days after the complained-of act), and with Dooley v. AutoNation USA Corp., 218 F.Supp.2d 1270, 1276 (N.D.Ala.2002) (adopting two-year statute of limitations of Ala.Code 1975, § 6-2-38(Z), for AADEA claims).